THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM ATTWOOD, Defendant-Appellant.

(No. 72-104;

Third District—March 12, 1973.

James Geis, of Defender Project, of Ottawa, for appellant.

F. Stewart Merdian, Assistant State's Attorney, of Rock Island, for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Defendant, William Attwood, pleaded guilty to the charge of misdemeanor theft in the Circuit Court of Rock Island County and received a sentence of one year in the state penal farm.

On this appeal defendant argues that prior to the acceptance of his guilty plea the court failed to comply with Supreme Court Rule 402. (Ill. Rev. Stat. 1971, ch. 110A, sec. 402.) Several aspects of Rule 402 have been argued on this appeal but we believe it necessary to discuss only those sections of the rule relating to admonishment of the defendant as to the possible penalty and whether the plea was voluntary.

Defendant was initially charged with felony theft and counsel was appointed to represent him. On the 17th day of November, 1971, as a preliminary matter, a hearing was held regarding the value of the property stolen and the owner of the property testified that the value of such property was $150. Since the value of the property was not in excess of $150 the offense was a misdemeanor rather than a felony. On the following day the charge was reduced to misdemeanor theft and the defendant and his counsel represented to the court that a plea had been bargained for which provided for one year sentence to the state penal farm, for the dropping of another felony charge and for the continuance of defendant's probation on another charge. The terms of the plea bargain were concurred in by the trial court and there is no dispute but that the plea bargain was carried out in accord with its terms.

After the fact of a plea bargain had been revealed to the trial court and before acceptance of defendant's plea the trial court made some efforts to comply with Supreme Court Rule 402. However it appears from the record that the trial court made no inquiry to determine whether defendant's plea was voluntary as required by Supreme Court Rule 402

(b) or that he advised the defendant of the possible penalty for the offense of misdemeanor theft.

■■ As the court indicated in *People v. Garcia*, 8 Ill.App.3d 542, Rule 402 (b) contemplates not merely ascertaining whether the defendant agreed with the terms of the plea bargain but also requires the court to ascertain that the plea is not the result of other improper conduct. We believe the observations in the *Garcia* case are equally applicable to the facts of this case.

■■ As indicated earlier the trial court did not make any reference to the potential penalties which could be imposed and the only reference to any penalty so far as the record is concerned is the statement by defendant's attorney, "Your Honor, I might further advise that I told Mr. Attwood that the least penalty that can be imposed for misdemeanor theft is a year in an institution other than the penitentiary and $500.00 fine, or both, is that correct, Mr. Attwood?" Not only does the record fail to indicate that the trial judge advised the defendant of the penalty but to the extent that a penalty is referred to at all it is erroneously described. The failure to admonish the defendant regarding penalties is such that we can not determine whether defendant's plea bargain was affected thereby.

For the foregoing reasons the judgment of the Circuit Court of Rock Island County is reversed and the cause is remanded to such court with directions that defendant be permitted to plead anew.

Judgment reversed and remanded.

ALLOY, P. J., and DIXON, J., concur.