THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES HINTZE, Defendant-Appellant.

(Nos. 72-80, 72-231 cons.;

Third District—October 25, 1973.

James Geis, Deputy Defender, of Ottawa, for appellant.

David DeDoncker, State's Attorney, of Rock Island, for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

After pleading guilty to an indictment charging felony theft, defendant, Charles Hintze, was sentenced by the Circuit Court of Rock Island County to two to four years in the penitentiary. On this appeal defendant argues the trial court erroneously accepted his plea of guilty because the court failed to comply with Supreme Court Rule 402. Ill. Rev. Stat. 1971, ch. 110A, sec. 402.

Although defendant has argued Supreme Court Rule 402 was not complied with in several respects, the only argument we believe it necessary to consider on this appeal is that relating to Supreme Court Rule 402(b), dealing with guilty pleas. Such section provides in part the court "* * * shall determine whether any force or threats or any promises, apart from a plea agreement, were used to obtain the plea."

From the record it appears defendant's plea was the result of negotiations with the State's Attorney, the terms of the agreement were disclosed to the trial court and sentence was imposed in accord with the terms of the agreement. The defendant argues, however, the record is devoid of anything from which it may be inferred the trial court made any effort to determine whether the plea was the result of any coercion or promises other than the terms of the agreement as required by the portion of 402(b) quoted above. However, the State contends that since the defendant, being present in open court with his counsel, had an opportunity to complain or object if the plea had been improperly induced, literal compliance with the rule was not required. Besides, according to the State, the defendant was not prejudiced because the court in fact followed the terms of the plea agreement. With respect to such contentions, we believe it is sufficient to say the section requires more than the mere opportunity to object or complain and compliance with the rule is required without regard to whether the defendant would be prejudiced by noncompliance. (*People v. Garcia*, 8 Ill.App.3d 126, 289 N.E.2d 637 and *People v. Attwood*, 10 Ill.App.3d 381, 293 N.E.2d 495.) We believe

the court erred in failing to comply with Rule 402(b) and consequently, the record fails to disclose defendant's plea was voluntary as required by the rule.

This brings us to the procedural aspect of the case. Recognizing the potential inadequacy of compliance with the rules, the State contends that under the rule of *People v. Garcia*, 8 Ill.App.3d 126, 289 N.E.2d 637, this case should be remanded for the limited purpose of determining the effect, if any, of the deficient compliance with the rule. We believe such a procedure is inappropriate. From a review of *People v. Garcia*, 8 Ill.App.3d 126, 289 N.E.2d 637, it appears the procedure adopted by the court requiring only a limited remand, was arrived at without consideration of *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418. The *McCarthy* case rejected the rule of limited reconsideration and concluded the defendant's rights could not be fairly protected unless he be permitted to withdraw his guilty plea and the case proceed anew. Based on the holding in *McCarthy*, we believe the procedure adopted in *People v. Garcia*, 8 Ill.App.3d 126, 289 N.E.2d 637, is inappropriate and should not be followed. See *People v. Attwood*, 10 Ill.App.3d 381, 293 N.E.2d 495, and *People v. Krantz*, 12 Ill.App.3d 38, 297 N.E.2d 386.

■■ For the foregoing reasons, the judgment of the Circuit Court of Rock Island County is reversed and remanded with directions that defendant be permitted to withdraw his plea of guilty and be permitted to plead anew.

Reversed and remanded.

ALLOY, P. J., and DIXON, J., concur.