(No. 46519.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. JEFFERY ELLIS, Appellant.

*Opinion filed November 27, 1974.*

Ralph Ruebner, Deputy Appellate Defender, and Adam M. Lutynski, Assistant Appellate Defender, Office of State Appellate Defender, of Elgin, for appellant.

William J. Scott, Attorney General, of Springfield (James B. Zagel and Michael J. Murphy, Assistant Attorneys General, both of Chicago, of counsel), for the People.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant, Jeffery Ellis, appealed from the judgment of the circuit court of Winnebago County entered upon his plea of guilty to one charge of armed robbery. The appellate court affirmed (16 Ill. App. 3d 282), and we allowed defendant's petition for leave to appeal. The facts are adequately reviewed in the opinion of the appellate court and will be restated only to the extent necessary to the discussion of the issues.

The record shows that defendant's plea of guilty was entered and that sentence was imposed in compliance with an agreement which the circuit court found acceptable. Rule 402 in pertinent part provides:

"The court shall not accept a plea of guilty without first determining that the plea is voluntary. If the tendered plea is the result of a plea agreement, the agreement shall be stated in open court. The court, by questioning the defendant personally in open court, shall confirm the terms of the plea agreement, or that there is no agreement, and shall determine whether any force or threats or any promises, apart from a plea agreement, were used to obtain the plea." 50 Ill.2d R. 402(b).

Defendant contends that the circuit court did not determine whether any force or threats or any promises apart from the plea agreement were used to obtain his plea of guilty and that the failure so to do was reversible error. The People contend that the record demonstrates that the guilty plea was voluntarily and knowingly entered, and alternatively argue that the "trial judge's admonishment of the defendant was in substantial compliance with Supreme Court Rule 402."

The transcript of the proceedings had when the plea of guilty was made shows that the circuit court did not inquire of the defendant, in those specific terms, whether the plea was induced by any force, threats, or any promises other than those that were contained in the plea agreement. The questions presented for decision are

whether the circuit court failed to "determine whether any force or threats or any promises, apart from the plea agreement, were used to obtain the plea," and assuming that it did, whether its failure so to do was reversible error.

While we do not approve of any failure to comply strictly with the explicitly stated requirements of Rule 402, it does not follow that every deviation therefrom requires reversal. If upon review of the entire record it can be determined that the plea of guilty made under the terms of a plea agreement was voluntary, and was not made as the result of force, threats or promises other than the plea agreement, the error resulting from failure to comply strictly with Rule 402(b) is harmless. *People v. Krantz,* 58 Ill.2d 187.

This record leaves no doubt that the defendant knew and understood that the *quid pro quo* for his plea of guilty was the dismissal of another armed-robbery charge and four burglary charges, to all of which offenses he had confessed, and the imposition of the sentence to which he, his counsel and the State's Attorney had agreed. He heard the State's Attorney advise the court, in detail, concerning the terms of the agreement, and in response to the court's question as to whether the proposal was "agreeable" to him, responded in the affirmative. At another point in the proceedings the following ensued:

> "THE COURT: You are pleading guilty because you are guilty, is that right?
> THE DEFENDANT: Yes."

Upon consideration of the entire record we conclude that except for those included in the plea agreement the defendant was made no promises, and that the plea was not the result of any force or threats.

The judgment is affirmed.

*Judgment affirmed.*