# THIRD SERIES

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT
MAY, Defendant-Appellant.

(No. 73-228; )

Fifth District—January 13, 1975.

Robert E. Farrell and Kenneth L. Jones, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Robert H. Rice, State's Attorney, of Belleville (Philip G. Feder, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment entered by the Circuit Court of St. Clair County. The defendant, Robert May, and others were charged in an indictment for the offense of armed robbery. The defendant pled guilty to the charge of armed robbery and was sentenced to the Illinois Department of Corrections to a term of 4 to 8 years as the result of a plea agreement.

The defendant bases his appeal on two points: (1) the court erred in failing to consider his request to lower the offense; (2) he was not truly aware of the consequences of his plea when the court made no mention of the mandatory parole term he must serve under section 5—8—1(e)(1) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(e)(1)).

On March 1, 1973, the defendant, through his attorney, withdrew his plea of not guilty and notified the court that he wished to plead guilty to the charge of armed robbery. Before accepting the plea, the trial judge advised the defendant of the consequences of his plea, of his right to have a jury trial and of his right to be represented by an attorney. He was also told that there would be no jury trial if the plea was accepted. The plea negotiations were entered into the record, and the court determined that the plea was voluntary. The court was then provided with a factual basis for the plea by an assistant State's Attorney. The defendant in his brief admits that the facts stated by the prosecution provide a reasonable basis for concluding that the defendant committed the acts charged with the required intent.

The defendant was asked by the court if there was anything he wanted to add to the statement made by the prosecution. The defendant indicated that he did not know there was going to be a robbery, and then the following exchange took place:

"COURT: At this time, the Court can do as I told you, either accept the plea or not accept the plea. But the Court is going to at this time, accept your plea of guilty to the offense as set out in the indictment. Further, I would like to obtain from you, Robert, has anyone threatened you, or any member of your family or anyone, to get you to say you are guilty of armed robbery? Has anybody threatened you to get you to say you are guilty?

DEFENDANT: No, sir.

COURT: Has anybody promised you anything to get you to say you are guilty of armed robbery?

DEFENDANT: No, sir.

COURT: And do you, as you stand there right now, Robert May, persist in your plea of guilty to armed robbery as set forth in the indictment?

DEFENDANT: I don't think I would ever change in a trial, sir. I persist.

COURT: And you are saying to me that you are guilty and that you wish to persist in the plea of guilty to armed robbery?

DEFENDANT: I wish it could be less than armed robbery.

COURT: That is not within the power of this court. That's within the province of the State's Attorney.

DEFENDANT: That's a heck of a thing to be put on my record.

COURT: Do you want to withdraw your plea of guilty and have the Court reinstate your plea of not guilty? This is your option. This is something you have to decide. I can't decide it for you, neither can Mr. LeChien or the State's Attorney.

DEFENDANT: I'll stick with the guilty plea.

COURT: You will persist in that plea of guilty at this time?

DEFENDANT: Yes, sir.

COURT: And you understand right now what you are doing?

DEFENDANT: Yes, sir."

■■ Defendant cites the case of *People v. Flanigan,* 12 Ill.App.3d 280, wherein the court reversed outright a conviction based on a plea of guilty. In that case the trial court failed completely to determine the factual basis for the plea, and so it does not apply in this case. Both the defendant and the State cite *People v. Hudson,* 7 Ill.App.3d 800. *Hudson* involves a plea of guilty to armed robbery under circumstances similar to the present case. Although defendant stated that he did not intend to be involved in a robbery, the prosecution's recitation of the facts provided a more-than-reasonable basis for the assumption that he did. The record in the instant case shows that defendant persisted in pleading guilty. As brought out in the *Hudson* case, the record need not establish a factual basis beyond a reasonable doubt or even by a preponderance of the evidence.

Defendant also contends that the trial court failed to recognize its full authority and pay heed to defendant's plea toward lowering the seriousness of the offense. Although the court may have the authority to reduce the charge, it is not obligated to do so if the factual basis shows a reasonable relationship between the acts the defendant committed and the crime charged. A factual basis having been sufficiently established, the court would not be required to reduce the charge.

4

In his second issue, the defendant contends that he was not made aware of the consequences of his plea when the court made no mention of the mandatory parole term that he must serve under section 5—8—1 (e)(1) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(e)(1)). The Supreme Court in *People v. Krantz,* 58 Ill.2d 187, 195, stated:

"And must he [defendant] be informed of the provision for mandatory parole in case of an indeterminate sentence for a felony (par. 1005—8—1(e)? As we have just noted, we do not consider that substantial compliance with Rule 402(a)(2) requires such admonitions."

■■ Thus the supreme court has concluded that the trial court is not required to admonish a defendant as to the mandatory parole term under Supreme Court Rule 402(a)(2).

■■ Consequently, there is an affirmative showing in the record that the defendant voluntarily and understandingly entered his plea, and there was substantial and accepted compliance with the precept of Rule 402.

The judgment of the Circuit Court of St. Clair County is affirmed.

Judgment affirmed.

G. MORAN, P. J., and EBERSPACHER, J., concur.