THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDDIE BRAWLEY, Defendant-Appellant.

(No. 73-418;

Fifth District—April 9, 1975.

G. MORAN, J., dissenting.

Robert Farrell and Margaret Maxwell, both of State Appellate Defender's Office, of Chicago, for appellant.

Robert H. Rice, State's Attorney, of Belleville (Robert L. Craig, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by the defendant, Eddie Brawley, from a judgment of the circuit court of St. Clair County entered upon his plea of guilty

to the offense of theft in excess of $150. The defendant was sentenced to not less than 1 nor more than 3 years imprisonment.

The defendant contends that the trial court failed to comply with Supreme Court Rule 402 before accepting his plea of guilty and that the trial court abused its discretion in denying his application for probation.

A review of the proceeding in which defendant pled guilty reveals the following sequence of events. The State's attorney informed the trial court there had been negotiations with the defendant and that a change in plea was imminent. The defense counsel then asked the trial court's permission to change defendant's previously entered plea of not guilty to one of guilty to the charge. The trial court asked the defendant if what the State had represented to the trial court was true. The defendant responded, "Yes, sir." The trial court then read the indictment to the defendant. Without stopping to inquire if the defendant understood the indictment, the trial judge proceeded to admonish the defendant that the State had the burden to prove him guilty beyond a reasonable doubt, that he, as the defendant, did not have to prove himself not guilty, that he had the right to a jury or a bench trial, that he was presumed innocent, that he did not have to testify, and that he was entitled to have witnesses called on his own behalf and to confront the State's witnesses. The trial court then asked the defendant if he understood, to which he replied, "Yes, sir." The defendant was then informed that a plea of guilty waived these rights. The defendant responded negatively when asked, "Now, is there anything which would prevent you from understanding what we are going through here today?" Subsequently, the defendant stated that he understood his rights and that he had no questions to ask the trial court. The trial court then advised the defendant that under a plea of guilty he could be sentenced to "a term of years of not less than one nor more than ten, or any indeterminate combination—one to three, two to six, four to eight, anything of that sort." The defendant stated that he understood. The trial court advised the defendant that in addition a fine of $10,000 could be levied against him. The defendant stated that he understood, that his counsel's representation was satisfactory, and that he still wished to persist in changing his plea to one of guilty to the crime of "Theft." The State's attorney then presented the factual basis for the guilty plea. The defendant stated that the allegations contained in the State's attorney's statement were substantially true and that he was guilty of the charges. The plea agreement was then stated in open court, and the trial court accepted the defendant's plea of guilty.

The defendant's first contention is that the trial court's failure to inquire of the defendant as to whether any force, threats or promises were used to obtain this plea of guilty manifested noncompliance with Supreme

Court Rule 402(b). While the trial court did confirm the terms of the plea agreement, it did not ask whether the plea was voluntary or of his own free will, nor did it ask whether force, threats or promises were used to induce a plea of guilty. The defendant argues that such omissions require that this case be remanded with instructions that defendant be permitted to plead anew. In support of this argument the defendant cites *People v. Hintze,* 14 Ill.App.3d 1077, 303 N.E.2d 22; *People v. Hendrickson,* 11 Ill.App.3d 219, 296 N.E.2d 751; *People v. Attwood,* 10 Ill.App.3d 381, 293 N.E.2d 495; and *People v. Garcia,* 8 Ill.App.3d 542, 289 N.E.2d 637.

██ However, since the rendition of the appellate decisions cited by the defendant the Supreme court has rendered the decision of *People v. Ellis,* 59 Ill.2d 255, 320 N.E.2d 15, which we consider controlling, if not dispositive of this issue. In *Ellis* our supreme court noted that the trial court failed to specifically inquire whether the plea was induced by force, threats or promises prior to its acceptance of the defendant's plea of guilty. In affirming the conviction the court stated:

> "While we do not approve of any failure to comply strictly with the explicitly stated requirements of Rule 402, it does not follow that every deviation therefrom requires reversal. If upon review of the entire record it can be determined that the plea of guilty made under the terms of a plea agreement was voluntary, and was not made as the result of force, threats or promises other than the plea agreement, the error resulting from failure to comply strictly with Rule 402(b) is harmless. People v. Krantz, 58 Ill.2d 187, 317 N.E.2d 559." (59 Ill.2d 255, 257.)

The court concluded by stating:

> "Upon consideration of the entire record we conclude that except for those included in the plea agreement the defendant was made no promises, and that the plea was not the result of any force or threats." (59 Ill.2d 255, 257.)

Similarly, the record in the instant case leaves no doubt that the defendant knew and understood the plea agreement, was admonished of his rights, waived those rights, was satisfied with the representation of his counsel, and persisted in his plea of guilty after the plea agreement was presented in open court. In response to the trial court's question, "Do you consider yourself in fact to be guilty of the charges brought against you?" the defendant stated, "Yes, sir. I do." On the basis of the foregoing and the failure of the entire record to reveal any indication of force, threats, or additional promises, we conclude, as did the Court in *Ellis,* "that except for those included in the plea agreement the defendant was

made no promises, and that the plea was not the result of any force or threats." 59 Ill.2d 255, 257.

Next, the defendant contends that the trial court did not sufficiently explain the nature of the charge as required by Supreme Court Rule 402 (a)(1). Before addressing this contention we note the following general observations concerning Rule 402 which were presented by the supreme court in *People v. Krantz,* 58 Ill.2d 187, 317 N.E.2d 559:

> "We note first the rule requires that there need be only substantial, not literal, compliance with its provisions. (*People v. Mendoza,* 48 Ill.2d 371, 373-374, 270 N.E.2d 30.) Also, the entire record may be considered in determining whether or not there was an understanding by the accused of the nature of the charge. [Citations.]" 58 Ill.2d 187, 192.

Upon review of the entire record we conclude that the defendant herein understood the nature of the charge. The defendant notes that while the trial court did read the allegations contained within the indictment, before the trial court inquired whether the defendant understood the charge it proceeded to make a lengthy admonition to him concerning his rights. The defendant also notes that the trial court failed to further explain the charge, which he contends was couched in technical and legal terminology. A further review of the record reveals that on three separate occasions after the trial court read the indictment the defendant was asked if he had any questions. On each occasion he responded negatively. The defendant was also asked if he wished to "enter a plea of guilty to the crime of theft," to which he answered, "Yes, sir." The State's attorney, in establishing a factual basis for the plea, then stated that the defendant was a revenue officer for the Illinois Department of Revenue, that the defendant collected money in his official capacity and that this money was not remitted to the Department of Revenue. The defendant admitted that the allegations of the State's attorney were substantially true and that he was in fact guilty. After the plea negotiations were explained to the court the defendant was again asked whether he still wished to enter a plea of guilty "to the charge of Theft as charged in the indictment." The defendant again responded affirmatively.

■■ In *People v. Mims,* 42 Ill.2d 441, 248 N.E.2d 92, our supreme court affirmed a conviction on the basis that,

> "The recital of the anticipated testimony of the witnesses for the prosecution, in the presence of the defendant and his attorneys, without protest and indeed with acquiescence, demonstrates to our satisfaction that defendant's conduct falls within the charge to which he pleaded guilty." (42 Ill.2d 441, 444.)

As did the court in *People v. Krantz,* we find this statement applicable. We also find that the language embraced in the instant indictment is *not* couched in technical or legal terms which would be difficult for a layman to understand. The indictment read to the defendant in open court charged that:

> "* * * Eddie Brawley committed the offense of Theft in that he did knowingly exert unauthorized control over seven thousand seven hundred sixty-nine dollars and eighty-five cents, property of the Department of Revenue of the State of Illinois, with intent to permanently deprive the said Department of Revenue of the State of Illinois of the use or benefit of said property * * *."

As we stated in *People v. Ingeneri,* 7 Ill.App.3d 809, 811, 288 N.E.2d 550, 552, "[w]ith this information any reasonable man would understand the nature of the charge." In view of these authorities and based upon the preceding aspects of the plea proceedings, we judge that the trial court satisfied the requirements of Rule 402 in informing the defendant of and determining that he understood the nature of the charge against him.

■■ The defendant also maintains that the trial court failed to advise him of the full consequences of his plea since he was not informed of the mandatory parole term that would attach to his sentence. We find this contention devoid of all merit. *People v. Krantz,* 58 Ill.2d 187, 317 N.E.2d 559; *People v. May,* 25 Ill.App.3d 1, 322 N.E.2d 606. See also *People v. Warship,* 59 Ill.2d 125, 319 N.E.2d 507.

The defendant's final contention is that the trial court abused its discretion when it denied the defendant's application for probation. We note that while the guilty plea was negotiated, the sentence was not.

■■ At the sentencing hearing the State waived its right to present anything in aggravation and declined to make any recommendation. On the other hand, the trial court did receive the presentencing report and the defendant's testimony. Although the majority of this evidence was favorable to the defendant, *i.e.,* no prior convictions, the crime neither involved violence or the threat of violence, and the defendant cooperated fully with the investigators, it also revealed certain aggravating circumstances. These include the fact that the defendant's illegal conduct constituted an ongoing offense spanning a period of about 2 years, the large amount of money that was converted by the defendant, and the facts that the defendant abused a position of public trust, had no dependents, and was not faced with any personal or family emergency requiring unavailable funds. Consequently, we are unable to say that the trial court abused its discretion in denying the defendant's application for probation and sentencing the defendant to a minimum sentence of 1 to 3 years.

Having found no merit in the contentions raised by the defendant, we

affirm the judgment of conviction entered by the circuit court of St. Clair County, on a plea of guilty, for the offense of theft in excess of $150, and the sentence of 1 to 3 years imprisonment imposed thereby.

Judgment affirmed.

CARTER, J., concurs.

Mr. JUSTICE GEORGE MORAN, dissenting:

The majority holds that a guilty plea is valid unless the record reveals that force or threats were used to induce the plea. In so holding, the majority opinion flies squarely in the face of the United States Supreme Court in *Boykin v. Alabama*, 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709. In *People v. Reeves*, 50 Ill.2d 28, our supreme court said at pages 29-30:

> "The constitutional requirement, both *pre* and *post Boykin*, is that a plea of guilty be 'intelligent and voluntary.' *Boykin* adds the requirement that if the guilty plea is to withstand appellate or post-conviction review 'the record must affirmatively disclose that the defendant who pleads guilty enters his plea understandingly and voluntarily.' [Citation.] This requirement has been in effect in Illinois since 1948. See former Rule No. 27A, 400 Ill. 22."

In the presentence hearing, the trial court made no determination as to whether or not any forces or threats or promises were made to the defendant to obtain his plea. The record does not otherwise disclose that defendant's plea was voluntarily made. So long as the *Boykin* opinion stands, the majority opinion is wrong. I therefore dissent.