THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONALD E. HENNINGER, Defendant-Appellant.

(No. 12706;

Fourth District—May 22, 1975.

*Rehearing denied July 16, 1975.*

Richard J. Wilson and Richard E. Cunningham, both of State Appellate Defender's Office, of Springfield, for appellant.

Paul R. Welch, State's Attorney, of Bloomington (G. Michael Prall and Jacqueline K. Nejmanowski, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

Defendant, Ronald E. Henninger, appeals from a judgment entered pursuant to a guilty plea for the offense of involuntary manslaughter and from a sentence imposed of 3⅓ to 10 years' imprisonment. The following issues are raised before this court: (1) Whether the trial court committed reversible error in accepting defendant's guilty plea without de-

termining whether any force, threats or promises, apart from the plea agreement, were used to obtain the plea, and (2) Whether the trial court committed reversible error in accepting defendant's guilty plea without informing defendant of the mandatory parole term.

On October 2, 1973, an information was filed charging defendant with involuntary manslaughter. On that same date a plea agreement signed by defendant was submitted to the court. Said agreement provided that in return for defendant's guilty plea to involuntary manslaughter the State would dismiss the murder charge and recommend a 3⅓- to 10-year term of imprisonment. After reading the plea agreement, the court stated to defendant:

> "The Court: And has anybody threatened you to get you to plead guilty in this case to this new charge?
>
> The Defendant: No, Your Honor."

The court then indicated his concurrence in the plea agreement, and proceeded to admonish defendant regarding his waiver of indictment. The court then explained to defendant the nature of the charge, and defendant indicated that he understood. The court stated to defendant that he could be punished for 1 to 10 years in the penitentiary and fined $10,000. Defendant indicated that he understood. The court then accepted defendant's waiver of indictment and began to admonish defendant regarding his guilty plea. Defendant again indicated that he understood the nature of the charge and the penalties that could be imposed. Defendant further indicated that he understood the plea agreement and still wished to plead guilty. The court then advised defendant of his rights to trial by jury, and that by pleading guilty there would be no trial at all. Defendant indicated that he understood. The court found that defendant had knowingly entered his plea of guilty and accepted said plea. The State then provided a factual basis for the plea. Defendant did not object and stated that the factual basis was substantially correct. On October 12, 1973, a sentencing hearing was held, and defendant was sentenced to a term of 3⅓ to 10 years' imprisonment.

It is contended that the trial court committed reversible error in accepting defendant's guilty plea without determining whether any force or threats or promises, apart from the plea agreement, were used to obtain the plea in violation of Supreme Court Rule 402(b) (Ill. Rev. Stat. 1973, ch. 110A, par. 402). Our reading of the record indicates that prior to accepting defendant's plea the trial court did not inquire whether any force or threats or promises were used to obtain the plea. Although the trial court erred in this regard, we do not find such error in the context of this case to be reversible error.

In *People v. Ellis*, 59 Ill.2d 255, 320 N.E.2d 15, the record indicated that the trial court did not inquire of the defendant whether any force, threats or promises were used to induce the guilty plea apart, of course, from the plea agreement. The court refused to reverse and held as follows:

> "While we do not approve of any failure to comply strictly with the explicitly stated requirements of Rule 402, it does not follow that every deviation therefrom requires reversal. If upon review of the entire record it can be determined that the plea of guilty made under the terms of a plea agreement was voluntary, and was not made as a result of force, threats or promises other than the plea agreement, the error resulting from failure to comply strictly with Rule 402(b) is harmless. *People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559."

In *People v. VanGilder*, 26 Ill.App.3d 152, 324 N.E.2d 715, the Fifth District refused to reverse in an identical situation citing *Ellis* and *People v. Dudley*, 58 Ill.2d 57, 316 N.E.2d 773. In *Dudley* the supreme court held that failure to state the terms of the plea agreement in open court was not reversible error where there is no claim that the plea was not voluntary, that defendant was harmed or prejudiced in any fashion, or that the plea agreement was not honored.

Our examination of the record here indicates that the plea of guilty was voluntarily entered. The trial court fully complied with all the other requirements of Supreme Court Rule 402 for accepting pleas of guilty. Defendant was represented by counsel throughout the proceedings. Defendant indicated that he understood the nature of the charge, the penalties that could be imposed, and the terms of the plea agreement. Defendant further stated that the factual basis for the plea was substantially correct. Furthermore, defendant neither in the trial court or in this court has alleged that force or threats were, in fact, used, or that the terms of the plea agreement were not followed, or that he was harmed or prejudiced in any fashion by the trial court's omission. Failure to comply fully with Rule 402(b) on the basis of the record before us was clearly harmless.

Defendant further contends that the trial court committed reversible error in failing to inform defendant of the mandatory parole term in violation of Rule 402(a)(2). We do not agree. In *People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559, our supreme court stated that substantial compliance with Rule 402(a)(2) does not require an admonition regarding the mandatory parole term. Also see *People v. Wills*, 23 Ill. App.3d 25, 319 N.E.2d 269.

Accordingly, for the reasons stated above the judgment of the circuit court of McLean County is hereby affirmed.

Judgment affirmed.

CRAVEN and GREEN, JJ., concur.