THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM J. BOSSE, Defendant-Appellant.

(No. 75-13;

Fifth District—September 25, 1975.

Stephen P. Hurley and John H. Reid, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Robert H. Rice, State's Attorney, of Belleville (Bruce D. Irish, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

The defendant, William Bosse, was indicted for the offense of delivery of less than thirty grams of a controlled substance *and* the offense of delivery of more than thirty grams of a controlled substance, both substances being lysergic acid diethylamide (LSD). On July 23, 1974, the circuit court of St. Clair County entered a judgment of conviction to each of the offenses on the defendant's negotiated pleas of guilty. The defendant was sentenced to a term of one to two years' imprisonment on the lesser offense and to a term of four to eight years on the more serious offense, said sentences to run concurrently. This appeal followed.

The defendant raises the following contentions on appeal: (1) that he "was misinformed of the negotiated plea agreement where he was not told of either mandatory parole term affixed to his penitentiary sentences"; and (2) that his "pleas of guilty were made neither knowingly nor intelligently where he was not informed by the court that in entering such pleas he was subjecting himself to two separate mandatory parole terms."

■■ The issue of whether a defendant must be admonished of the provision for mandatory parole (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1 (e)(1)) under Supreme Court Rule 402(a)(2) (Ill. Rev. Stat. 1971, ch. 110A, par. 402 (a)(2)) was first discussed in *People v. Krantz,* 58 Ill.2d 187, 195, 317 N.E.2d 559. Therein our supreme court stated:

> "And must he [defendant] be informed of the provision for mandatory parole in a case of indeterminate sentence for a felony [as imposed by Ill. Rev. Stat. 1973, ch. 38] (par. 1005—8—1(e)(1))? As we have just noted, we do not consider that substantial compliance with Rule 402(a)(2) requires such admonitions."

We followed the *Krantz* approach in *People v. May,* 25 Ill.App.3d 1, 322 N.E.2d 606. Recently our supreme court reconsidered its position in *Krantz* and has held that "Rule 402(a)(2) requires that a defendant be admonished that a mandatory period of parole pertaining to the offense is a part of the sentence that will be imposed * * *." (*People v. Wills,* 61 Ill.2d 105, 109, 330 N.E.2d 505, 508). Nevertheless, the court in its supplemental opinion noted that this additional admonition was a "procedural change" which involved "no constitutional issue or standard." The court then held that "the requirement of the admonition concerning the period of mandatory parole applies prospectively to guilty pleas taken subsequent to May 19, 1975." (61 Ill.2d 105, 111, 330 N.E.2d, 509.) Consequently, since the instant pleas of guilty were entered prior to May 19, 1975, there was no requirement under Rule 402 that the defendant be admonished of the mandatory parole terms.

■■ While the failure to admonish a defendant concerning the mandatory period of parole is, of course, a factor to be considered in determining whether a plea of guilty was voluntarily and intelligently made, it is not of a *constitutional* dimension and its absence, prior to May 19, 1975, will not result, *ipso facto,* in reversal. (*People v. Wills.*) The entire record must be reviewed to determine if a defendant voluntarily and intelligently entered his plea(s) of guilty. Our review of the instant record reveals that the terms of the plea bargain were repeated in open court, that a factual basis for each plea was established, that the defendant stated his understanding of the nature of the charges, that the defendant was advised of the possible terms of imprisonment for conviction of each offense, that the defendant admitted his guilt, and that the defendant was

admonished concerning his constitutional rights and he agreed to waive such rights. Within this record we find an affirmative showing that the defendant voluntarily and intelligently entered his plea and that there was substantial compliance with the precept of Rule 402, as such existed prior to May 19, 1975.

Our conclusion is in no way altered by the fact that the defendant was subjected to two separate mandatory parole terms. If, as our supreme court stated in *Wills*, there is no *constitutional* requirement that a defendant be admonished that a mandatory parole term attaches to each sentence, then it is of little significance that two separate mandatory parole terms attached to the sentences imposed in the instant case. The test continues to be whether the record affirmatively shows that the defendant voluntarily and intelligently entered his negotiated pleas of guilty. The instant record satisfies this test.

Accordingly, we affirm the judgments of conviction entered by the circuit court of St. Clair County and the sentences imposed thereunder.

Judgments affirmed.

JONES, P. J., and G. MORAN, J., concur.