THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOSEPH COX, Defendant-Appellant.

First District (1st Division)   No. 63097

Opinion filed December 30, 1976.

James J. Doherty, Public Defender, of Chicago (Jack L. Uretsky and Donald S. Honchell, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Joan S. Cherry, and Salvatore R. Marzullo, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE SIMON delivered the opinion of the court:

Pursuant to an agreement with the prosecution, petitioner Joseph Cox pled guilty to three counts of armed robbery. The petitioner agreed to accept a recommended sentence of concurrent terms of 6 to 18 years on each count in return for the People's recommendation to drop a pending murder charge against him. Prior to accepting the guilty plea and imposing the sentence agreed upon, the trial judge admonished the petitioner as to the consequences of his plea. He told the petitioner the court had the authority to impose a parole term which would require petitioner to be under the supervision of the Department of Pardon and Parole after he served whatever sentence the court chose to impose.

The petitioner appeals from the circuit court's dismissal of his petition for post-conviction relief under the Illinois Post-Conviction Hearing Act (Ill. Rev. Stat. 1975, ch. 38, par. 122—1 *et seq.*). The basis for his petition is that the trial court incorrectly admonished him by informing him in effect that the imposition of a parole term was discretionary with the court whereas under the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, pars. 18—2 and 1005—8—1(e)) a parole term of 5 years was mandatory. Petitioner contends that he was misled by the trial court's failure to advise him that the parole term was mandatory. He argues, for that reason, that his plea was not voluntary, knowing or intelligent, and he was, therefore, deprived of his due process rights.

The issue raised by petitioner must be decided within the framework provided by (i) *Boykin v. Alabama* (1969), 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709, which directs that a guilty plea must be entered voluntarily and knowingly, (ii) Illinois Supreme Court Rule 402, which was adopted to insure compliance with *Boykin v. Alabama*[1] and sets forth guidelines to be followed by a trial court in accepting guilty pleas, and (iii) the following decisions of Illinois reviewing courts applying Rule 402 and in particular Rule 402(a)(2): *People v. Wills* (1975), 61 Ill. 2d 105, 330 N.E.2d 505, *cert. denied*, 423 U.S. 999, 46 L. Ed. 2d 374, 96 S. Ct. 430; *People v. Krantz* (1974), 58 Ill. 2d 187, 317 N.E.2d 559; *People v. Miller* (1976), 36 Ill. App. 3d 943, 344 N.E.2d 760; *People v. Bosse* (1975), 32 Ill. App. 3d 422, 336 N.E.2d 216; *People ex rel. Jenkins v. Department of Corrections*

---

[1] See Committee Comments of June 1970 to Rule 402 at 50 Ill. 2d R. 402 and *People v. Wills* (1975), 61 Ill. 2d 105, 111, 330 N.E.2d 505, *cert. denied*, 423 U.S. 999, 46 L. Ed. 2d 374, 96 S. Ct. 430.

(1975), 32 Ill. App. 3d 147, 336 N.E.2d 385; *People v. Yepsen* (1975), 30 Ill. App. 3d 484, 333 N.E.2d 565; *People v. May* (1975), 25 Ill. App. 3d 1, 322 N.E.2d 606. These cases dealt with the failure of a trial judge to advise a defendant entering a guilty plea of the requirement of a mandatory parole term.

In *Krantz,* the court noted that Rule 402 directed "substantial compliance" rather than literal compliance with its provisions (see also *People v. Robinson* (1976), 63 Ill. 2d 141, 145, 345 N.E.2d 465), and concluded that substantial compliance did not require informing a defendant that imposition of a parole term was mandatory. The Supreme Court's reasoning was that the provision of the Unified Code of Corrections imposing a mandatory parole term was enacted subsequent to the adoption of Rule 402. *Bosse, People ex rel. Jenkins, Yepsen* and *May* followed the holding in *Krantz* as have numerous other decisions of Illinois appellate courts. The court departed from *Krantz* when it decided in *Wills* that Rule 402(a)(2) required that a defendant be admonished of any mandatory period of parole the court was obligated to impose, but held that this procedural change would not apply retroactively. The court in *Wills* observed that with respect to guilty pleas entered prior to its opinion filed on May 19, 1975, failure to admonish a defendant concerning the mandatory parole period is only one factor to be considered in deciding whether a plea was voluntary and intelligent. In this case, the petitioner pled guilty on August 24, 1974. *Miller,* decided after *Wills,* involved a guilty plea entered, as in this case, prior to the *Wills* opinion. The appellate court held that because the guilty plea in question predated *Wills,* Rule 402(a)(2) did not require an admonition covering the mandatory parole term.

■■ The issue raised by this appeal differs somewhat from that resolved by these decisions. They were concerned with whether *Boykin v. Alabama* and Rule 402(a)(2) are violated by the absence of an admonition covering a mandatory parole term. The issue here is whether *Boykin v. Alabama* and Rule 402(a)(2) are violated by an incomplete admonition concerning the parole term. This same issue was raised in *People v. McLean* (1975), 33 Ill. App. 3d 965, 966, 338 N.E.2d 902, which affirmed a guilty plea made after an incomplete admonition similar to the one in this case.

To be entitled to post-conviction relief under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1975, ch. 38, par. 122—1), a defendant must demonstrate he suffered a constitutional deprivation. The court observed in *Wills* (at 111) that it was announcing a procedural change which did not involve any constitutional issue or standard, and, thus, failure to admonish a defendant concerning a mandatory parole term is not a constitutional deprivation. (See *Yepsen,* at 487, and *Bosse,* at 423.) In the

case of a plea entered prior to *Wills*, a defendant seeking post-conviction relief must rely on *Boykin v. Alabama* and show that his plea was not voluntary or intelligent.

There is no basis in the record before us for concluding that the petitioner's plea after being informed the court had the authority to impose a period of parole was any less voluntary or intelligent than the pleas in *Krantz* and subsequent decisions where there was no mention of a parole term. In *Bosse* (at 423) the court stated that the failure to admonish a defendant concerning a mandatory period of parole is only "a factor to be considered in determining whether a plea of guilty was voluntarily and intelligently made, it is not of a *constitutional* dimension and its absence, prior to May 19, 1975, will not result, *ipso facto* in reversal." Those guidelines are also appropriate where, as here, the failure was to admonish the defendant fully with regard to the parole period.

Reviewing the entire record, as *Robinson* (63 Ill. 2d 141, 146) holds is proper, we conclude that the petitioner's plea was voluntary and intelligent. The trial judge advised the petitioner that there was a possibility that a parole term might be imposed and this was sufficient to satisfy the need for substantial compliance with Rule 402(a)(2). The court in *Krantz* stated that "substantial compliance" with Rule 402 required only an admonition covering the sentence that *might* be imposed if the plea were accepted (58 Ill. 2d 187, 195), and petitioner was informed in this case that a parole term might be imposed. As in *Krantz*, the petitioner was not "unaware of the possible punishment to which his conduct had exposed him." 58 Ill. 2d 187, 194.

■■ Petitioner, faced with a pending murder charge, chose to plead guilty to armed robbery. He does not complain of any failure of the court to admonish him fully and accurately in all respects other than with regard to the parole term. We conclude from this record that there was substantial compliance with Rule 402 as the rule was applied prior to the *Wills* decision.

The order of the circuit court denying post-conviction relief was properly entered.

Order affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.