(No. 47039

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. JOHN WILLS, Appellant.

*Opinion filed May 19, 1975.—Supplemental opinion filed*
*on denial of rehearing June 30, 1975.*

Richard J. Wilson, Deputy Defender, Office of State Appellate Defender, of Springfield (Thomas Nelson, Assistant Appellate Defender, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield, and Richard J. Doyle, State's Attorney, of Danville (James B. Zagel and Raymond McKoski, Assistant Attorneys General, of Chicago, of counsel), for the People.

James J. Doherty, Public Defender, of Chicago (Kathryn J. Kuhlen, John Thomas Moran, John X. Breslin, and

David W. Hirschboeck, Assistant Public Defenders, of counsel), for *amicus curiae* the public defender of Cook County.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant, John Wills, appealed from the judgments of the circuit court of Vermilion County entered upon his pleas of guilty to the offenses of burglary, escape and armed robbery. The circuit court imposed concurrent sentences of 3 to 9 years for the burglary, 3 years and 4 months to 10 years for the escape, and 5 to 30 years for the armed robbery. The appellate court affirmed (23 Ill. App. 3d 25) and issued a certificate of importance.

Defendant contends here, as he did in the appellate court, that his pleas of guilty to the offenses of escape and armed robbery were invalid because the record shows that he "was confused about the possibility of receiving an enhanced sentence for burglary if he pled not guilty of armed robbery and escape." In considering this contention, the appellate court said, "It clearly appears from an examination of the record that the trial judge carefully explored this problem with defendant and explained it to him in plain, concise language. Furthermore, the trial judge clearly stated that if defendant pled not guilty to the escape and armed-robbery charges, such a plea would not be considered in sentencing on the burglary charge. Defendant then stated that, understanding this, he still wished to persist in his guilty pleas to escape and armed robbery. We find no merit in this contention." (23 Ill. App. 3d 25, 31.) We have examined the transcript of the proceedings had when defendant's guilty pleas were taken, much of which is set out in the appellate court opinion, and we agree with the appellate court.

An understanding of defendant's next contention requires an examination of both the relevant statute and the appellate court opinion.

At the time when defendant was sentenced, section

5—8—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1) provided in pertinent part:

"(a) A sentence of imprisonment for a felony shall be an indeterminate sentence set by the court under this Section.

\* \* \*

(e) Every indeterminate sentence shall include as though written therein a parole term in addition to the term of imprisonment. Subject to earlier termination under Section 3—3—8, the parole term shall be as follows:

(1) for \*\*\* a Class 1 felony, 5 years;

(2) for a Class 2 felony, \*\*\* 3 years."

Defendant contends here, as he did in the appellate court, that his convictions for burglary and escape must be reversed for the reason that he was not admonished, prior to pleading guilty, that the sentences imposed included the mandatory period of parole. He makes no similar contention concerning the plea of guilty to the armed robbery charge. The record shows that the circuit court advised defendant that the permissible penalty for armed robbery was imprisonment for "four to any number of years plus five years parole" and that "\*\*\* the parole provision is mandatory. You would serve five years parole time after serving your prison time under any circumstances."

The appellate court, in considering defendant's contention that the pleas of guilty must be vacated, reviewed the statutory scheme and held that section 5—8—1(e) and a portion of section 3—3—9(a)(3)(i) of the Unified Code of Corrections were unconstitutional. The basis for holding the statutes invalid was that under their provisions, in the event of revocation of parole, a defendant could be incarcerated for periods which in the aggregate exceeded the maximum of the indeterminate sentence imposed by the circuit court. The appellate court concluded that since the statutes imposing the period of parole were unconstitutional, the failure to admonish defendant concerning them was not error. Because of the potential impact of the statutes' being held invalid the appellate court, of its own

motion, issued a certificate of importance.

Defendant contends here that the statutory provision for a mandatory period of parole is constitutional, and that the admonition was, therefore, insufficient. *Amicus curiae,* the Public Defender of Cook County, contends that the mandatory parole term provisions are unconstitutional for the reasons that they do not provide for minimum due process requirements and that they "violate the constitutional doctrine of separation of powers."

We agree with the appellate court that, under the provisions of the Unified Code of Corrections (see pars. 1003—3—9(a)(3)(i) and 1003—3—10(a)), in the event of revocation of parole, a defendant could be incarcerated for periods which in the aggregate exceeded the maximum of the indeterminate sentence imposed by the sentencing court. This record, however, does not present for decision the question whether the statutes are unconstitutional. At this time defendant is not eligible for parole, and there is no basis for application of the statutory provisions which the appellate court held invalid. As we said in *Stein v. Howlett,* 52 Ill.2d 570, 580, "The fact that a statute might be susceptible of misapplication does not necessarily make it unconstitutional."

We have reconsidered the position taken in *People v. Krantz,* 58 Ill.2d 187, 195, and hold that compliance with Rule 402(a)(2) requires that a defendant be admonished that the mandatory period of parole pertaining to the offense is a part of the sentence that will be imposed and that he can be held subject to the jurisdiction of the Parole and Pardon Board for a period of time equal to the maximum term of imprisonment provided in the indeterminate sentence and the parole term. See Ill. Rev. Stat. 1973, ch. 38, par. 1003—3—10(a).

The conclusion reached, however, does not require reversal in this case. (*People v. Ellis,* 59 Ill.2d 255.) The record shows that on the charge on which defendant was sentenced to both the greatest minimum and greatest

maximum he was admonished concerning the mandatory parole provision of the Code. The sentences are to be served concurrently, and since his eligibility for both parole and discharge are governed by the sentence imposed on the armed robbery charge, the failure to properly admonish him on the other cases is not, on this record, reversible error.

For the reasons stated the judgment of the appellate court, insofar as it holds unconstitutional section 5—8—1(e) and a portion of section 3—3—9(a)(3)(i) of the Unified Code of Corrections, is reversed, and in all other respects the judgment is affirmed.

*Affirmed in part and reversed in part.*

### Supplemental Opinion upon Denial of Petitions for Rehearing

Defendant has filed a petition for rehearing in which it is contended that it does not appear from the record that he understood the consequences of his pleas of guilty to the charges of burglary and escape. He argues that because the record fails to show "that he understood that parole terms of three years would be a direct consequence of his convictions of burglary and escape," it does not appear, as required by *Boykin v. Alabama,* 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709, that he pleaded guilty knowingly and voluntarily.

The People have filed a petition urging that "the opinion be modified to require prospective application only."

The constitutional requirement for a valid plea of guilty is that it be intelligent and voluntary, and as we said in *People v. Reeves,* 50 Ill.2d 28, 29, "*Boykin* adds the requirement that if the guilty plea is to withstand appellate or post-conviction review 'the record must affirmatively disclose that the defendant who pleads guilty enters his plea understandingly and voluntarily.' (*Brady v. United States,* 397 U.S. 742, 747 footnote (4), 25 L. Ed. 2d 747,

756, 90 S. Ct. 1463, 1468.)' " The Committee Comments to Rule 402 state: "Two major objectives of new Rule 402 are: (1) to insure compliance with the *Boykin* requirements; and (2) to give visibility to the plea agreement process and thus provide the reviewing court with a record containing an accurate and complete account of all relevant circumstances surrounding the guilty plea." 50 Ill.2d R. 402.

In view of our holding here, failure to admonish a defendant concerning the mandatory period of parole is, of course, a factor to be considered in determining whether a plea of guilty was voluntarily and intelligently made. The record here shows the pleas to have been intelligent and voluntary.

We consider next the question whether our holding that compliance with Rule 402(a)(2) requires that a defendant be admonished with respect to the mandatory period of parole pertaining to the sentence to be imposed should apply retroactively or prospectively. In *People v. Ellis*, 53 Ill.2d 390, 394, we considered whether "a new pronouncement or standard for testing the constitutional prohibition against unreasonable searches and seizures" was to apply retroactively or only prospectively, and set forth the criteria for deciding the question. Although the procedural change here effected involves no constitutional issue or standard, the same criteria are applicable. We hold that the requirement of the admonition concerning the period of mandatory parole applies prospectively to guilty pleas taken subsequent to May 19, 1975.