The People *ex rel.* Ronald Jenkins, Petitioner-Appellant, *v.* Department of Corrections, Adult Pardon and Parole Board, Respondent-Appellee.

(No. 61580; )

First District (3rd Division)—September 4, 1975.

James J. Doherty, Public Defender, of Chicago (Leonard Solomon, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago, for appellee.

PER CURIAM (Before McGloon, P. J., McNamara and Mejda, JJ.):

Ronald Jenkins, relator, pleaded guilty to the offense of unlawful use of weapons and was sentenced to a term of 1 year to 1 year and a day. His subsequent petition for writ of habeas corpus, filed upon his release from incarceration after service of the maximum term imposed, was dismissed upon motion of the State. Relator appeals.

The public defender of Cook County was appointed as counsel on appeal and has filed in this court a motion for leave to withdraw. The motion is supported by a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, reciting that the appeal is without merit since relator's sole ground for relief is that at the change of plea the trial court failed to admonish him of the mandatory parole term following his negotiated sentence. Copies of the motion and brief were mailed to relator on May 16, 1975; on May 23, 1975, he was allowed until July 22, 1975, to file any points he desired in support of the appeal. He has not responded.

■■■ Upon independent review of the record we agree with appellate counsel that there exists no basis upon which the appeal can be predicated. Matters of a nonjurisdictional nature are not cognizable in a proceeding for writ of habeas corpus which remedy is available only where the original trial court lacked jurisdiction to entertain the matter or where something has occurred later which entitles the prisoner to his release. (*People ex rel. Jefferson v. Brantley* (1969), 44 Ill.2d 31, 253 N.E.2d 378; *People ex rel. Shelley v. Frye* (1969), 42 Ill.2d 263, 246 N.E.2d 251; Ill. Rev. Stat. 1973, ch. 65, par. 22.) An ineptly drawn pro se petition for writ of habeas corpus may be treated as a request for relief under the Illinois Post-Conviction Hearing Act, where otherwise applicable and appropriate. *People ex rel. Palmer v. Twomey* (1973), 53 Ill.2d 479, 292 N.E.2d 379; Ill. Rev. Stat. 1973, ch. 38, pars. 122—1 et seq.

■■ Failure to admonish an accused concerning the minimum and maximum sentences which could be imposed upon a plea of guilty is not jurisdictional. At most, it would involve grounds for relief available only in post-conviction proceedings. The instant petition for writ of habeas corpus cannot be treated as a request for relief under the Post-Conviction Hearing Act since it fails to fully detail the transcript at the change of plea wherein relator allegedly was not advised of the mandatory parole term, whereas the State quoted from the transcript which appears to have contained an admonition in that regard; the Act requires that such documentary evidence accompany a post-conviction petition. (Ill. Rev. Stat. 1973, ch. 38, par. 122—2.) We question, however, whether

the ground advanced for relief is a valid ground under post-conviction in any event, since the alleged failure to advise relator of the mandatory parole term occurred prior to May 19, 1975. (See *People v. Wills* (1975), 61 Ill.2d 105 at 111, 330 N.E.2d 505.) Further, relator was expressly given leave to file a post-conviction petition at the time the petition for writ of habeas corpus was dismissed, and the matter was assigned to the original trial judge for disposition.

For the foregoing reasons, the motion of the public defender of Cook County for leave to withdraw as appellate counsel is allowed, and the order of the circuit court of Cook County dismissing the petition for writ of habeas corpus is affirmed.

Motion allowed; order affirmed.