THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY LEE WENGER, Defendant-Appellant.

Fourth District   No. 13408

Opinion filed October 21, 1976.

Julius Lucius Echeles and Carolyn Jaffe, both of Chicago, for appellant.

John G. Satter, Jr., State's Attorney, of Pontiac (G. Michael Prall and James R. Sanders, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

The defendant, Larry Lee Wenger, was placed on 2 years' probation after pleading guilty to the offense of possessing less than 2.5 grams of heroin on August 13, 1971, in violation of sections 3 and 38 of the Uniform Narcotic Drug Act (Ill. Rev. Stat. 1969, ch. 38, pars. 22—3, 22—40(6)).

Section 3 provided that:

> "It is unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense or compound any narcotic drug, except as authorized in this Act."

Section 38 provided that:

> "Whoever violates this Act by possessing, or having under his control * * * any narcotic drug shall be fined for the first offense not more than $5,000 and be imprisoned in the penitentiary for a period of not less than 2 years nor more than 10 years."

The trial court admonished the defendant at the time of his conviction and sentencing on October 13, 1971, that he could be sentenced to no less than 1 nor more than 3 years in the penitentiary and fined up to $10,000. The court then sentenced the defendant to 2 years' probation. On October 19, 1973, the defendant's probation was revoked and he was sentenced on May 3, 1974, to a term of from 32 to 96 months in the penitentiary. Defendant did not exercise his right to a direct appeal from that proceeding, but instead filed this post-conviction proceeding on July 7, 1975, alleging that his constitutional right to due process of law was violated by revocation of his probation and imposition of a sentence in excess of the trial court's admonition. Defendant appeals from the order dismissing his post-conviction petition.

Supreme Court Rule 402(a)(2) provides that:

> "In hearings on pleas of guilty, there must be substantial compliance with the following:
>
> > (a) Admonitions to Defendant.
> > The Court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:
> > * * *
> >
> > (2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the

defendant may be subjected because of prior convictions or consecutive sentences \* \* \*."

(Ill. Rev. Stat. 1971, ch. 110A, par. 402(a)(2).)

A proper admonition in the instant case would have informed the defendant at the time his guilty plea was accepted that he was accused of an offense carrying a potential penalty of from 1 to 10 years in the penitentiary plus a fine of not more than $15,000. Section 402(b) of the Controlled Substances Act (Ill. Rev. Stat. 1971, ch. 56½, par. 1402(b)).

■■ The State argues that the inadequacy of Rule 402 admonitions is not of constitutional magnitude. This statement is valid on its face, because statutes and rules of court cannot confer constitutional rights. (*People v. Barr* (1973), 14 Ill. App. 3d 742, 303 N.E.2d 202, *aff'd*, 58 Ill. 2d 187, 317 N.E.2d 559.) Mere failure to comply with the requirements of Rule 402 does not ordinarily raise a constitutional issue unless the defendant alleges that the failure resulted in an involuntary or unintelligent plea. (*People v. Nardi* (1971), 48 Ill. 2d 111, 116, 268 N.E.2d 389.) The mere contention that a sentence is excessive when it is within the statutory limits similarly fails to raise a constitutional issue. (*People v. Ballinger* (1973), 53 Ill. 2d 388, 292 N.E.2d 400.) In seeking a review of trial court proceedings under the Post-Conviction Hearing Act the defendant need not exercise his right to direct appeal, although post-conviction relief can only issue where the defendant has suffered a substantial denial of constitutional rights. *People v. Rose* (1969), 43 Ill. 2d 273, 253 N.E.2d 456.

■■ The defendant in the instant case alleges that the trial court's improper admonition pursuant to Rule 402 precluded his plea of guilty from being voluntary and knowing. This allegation raises an issue of constitutional magnitude and is properly before this court in a post-conviction petition. *Barr.*

The defendant also contends that the combined effect of the trial court's improper sentencing admonition and the sentence imposed after his probation revocation, was to deny him due process of the law. In *People v. Jackson* (1973), 13 Ill. App. 3d 232, 300 N.E.2d 557, a defendant who originally pleaded guilty to the offense of aggravated battery challenged an order which revoked his probation and which imposed a sentence of from 2 to 10 years in the penitentiary. At the time the defendant pleaded guilty he was admonished by the court that he could be sentenced to not less than 1 nor more than 5 years in the penitentiary. In affirming the conviction with a modification of the defendant's sentence, the court stated:

"It is readily apparent that an accused's knowledge of the consequences is not only a determining factor in the voluntariness of his plea but is often an inducement to a guilty plea.

> *"Justice and fairness demand that if a guilty rests on an inccurate representation as to the maximum penalty the promise implied in the representation should be fulfilled.* We, therefore, exercise our power under Ill. Rev. Stat. 1967, ch. 110A, par. 615(b)(4) and reduce the defendant's maximum sentence to five years." (Emphasis added.) (13 Ill. App. 3d 232, 236, 300 N.E.2d 557.)

This court has also followed a rule that emphasizes the need for fundamental fairness to the defendant who pleads guilty to an offense. As we stated in *People v. Wills* (1974), 23 Ill. App. 3d 25, 32, 319 N.E.2d 269, *aff'd in part, rev'd in part,* 61 Ill. 2d 105, 330 N.E.2d 505, *cert. denied,* __ U.S. __, 46 L. Ed. 2d 374, 96 S. Ct. 430:

> "We agree that no prejudice results when a defendant has been admonished as to the maximum risk to which he exposes himself in entering a plea of guilty, though that risk is understated by the trial judge, provided he is sentenced within the limits stated to him. Such a rule is fundamentally fair both to the defendant and to the People. The attendant safeguard lies in the requirement that the plea must be vacated in the event that the defendant is sentenced to a term in excess of the maximum stated to him by the trial judge." 23 Ill. App. 3d 25, 32, 319 N.E.2d 269.

■■ We find that the 32- to 96-month sentence imposed after the revocation of the defendant's probation was fundamentally unfair to the defendant who had originally been admonished that he could be sentenced to from 1 to 3 years in the penitentiary and fined up to $10,000. In this case, due process demands that the trial court's admonition define the maximum penalty that might be imposed after revocation of defendant's probation. We, therefore, reverse the order dismissing defendant's post-conviction petition and we remand for sentencing in conformity with this opinion. On remand, defendant will be entitled to credit for the time spent on probation. *People v. Willingham* (1976), 38 Ill. App. 3d 612, 349 N.E.2d 120.

Reversed and remanded for resentencing.

CRAVEN, P. J., and GREEN, J., concur.