THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DONALD BLACKBURN, Defendant-Appellant.

Fifth District   No. 75-538

Opinion filed March 4, 1977.

Stephen P. Hurley and A. Michael Kopec, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Robert H. Rice, State's Attorney, of Belleville (Bruce D. Irish and Keith P. Vanden Dooren, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant Donald Blackburn appeals from a judgment of the circuit court of St. Clair County entered on pleas of guilty to three counts of the offense of delivery of less than 30 grams of cocaine. The court imposed a sentence of three to nine years on each count, the terms to run concurrently. Defendant contends that the trial court's failure to advise him of the mandatory parole term and his lack of knowledge of this parole term rendered his plea unintelligent and involuntary and that the sentences which were imposed were excessive.

Defendant was indicted for one offense of delivery of more than 30 grams of cocaine and two offenses of delivery of less than 30 grams of cocaine. The former offense is a Class 1 felony and the latter two are Class 2 felonies. As agreed, the Class 1 felony charge was reduced to a Class 2 felony; and on July 2, 1975, defendant entered pleas of guilty to the three charges. Before accepting the pleas the court admonished defendant in accordance with all the provisions of Illinois Supreme Court Rule 402 (Ill. Rev. Stat. 1975, ch. 110A, par. 402) except that portion of Rule 402(a)(2) which requires admonishment of the period of mandatory parole

attached to each felony conviction. A hearing was held on September 16, 1975, on a motion to vacate the pleas of guilty. The motion raised, *inter alia*, the issues of the failure to admonish defendant of the mandatory parole terms attached to each of his sentences and the excessiveness of his sentences. The court denied this motion.

Defendant contends that the trial court failed to comply substantially with the requirements of Rule 402 and that as a result of this failure, his pleas were not entered knowingly and voluntarily.

■■ ■ Due process requires an affirmative showing in State prosecutions that the guilty plea of a criminal defendant was entered knowingly and voluntarily. (*Boykin v. Alabama* (1969), 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709.) In order that the plea be knowing, it has been held that a defendant must be apprised of the consequences of his plea. Under *Boykin*, one of the consequences of a plea of guilty is the maximum sentence to which a defendant may subject himself by pleading guilty. This court has held that the mandatory parole term, which attached to each of the sentences imposed upon the instant defendant, is a direct consequence of a plea of guilty. *People v. Isringhaus*, 38 Ill. App. 3d 535, 347 N.E.2d 834.

■■ In *People v. Wills*, 61 Ill. 2d 105, 330 N.E.2d 505 (supplemental opinion on denial of rehearing), the Illinois Supreme Court held that the failure to admonish a defendant regarding the mandatory parole term is a factor to be considered in determining whether a plea was entered knowingly and intelligently. In *Wills* the failure to admonish defendant on one charge was not a sufficient factor to find his plea unintelligent, since defendant was admonished on another concurrent charge upon which he was sentenced to the greatest term of imprisonment and upon which defendant's eligibility for parole was based. The court went on, however, to hold that Rule 402(a)(2), which is implementive of the *Boykin* decision, requires that a defendant be admonished that the mandatory period of parole pertaining to the offense is a part of the sentence that will be imposed and that he can be held subject to the jurisdiction of the Parole and Pardon Board for a period of time equal to the maximum term of imprisonment provided in the indeterminate sentence and the parole term. In its supplemental opinion upon denial of rehearing, the court held that the requirement of the admonition concerning the period of mandatory parole applies prospectively to guilty pleas taken subsequent to May 19, 1975. Since the present guilty pleas were taken after the *Wills* decision, it follows that there must be an affirmative showing in the record of the instant case that defendant was admonished of the mandatory parole terms which would automatically follow his prison sentences. The instant record is devoid of such a showing. Accordingly, we find no substantial compliance with both Rule 402(a)(2) and Rule 402 as a whole.

We have reviewed the Federal cases cited by the parties, but find discussion of them unnecessary to the disposition of this case.

For the foregoing reasons, we vacate defendant's convictions and remand this cause to allow him to plead anew. Because of this disposition, we find it unnecessary· to consider defendant's second contention regarding the excessiveness of his sentences.

Judgments vacated and remanded with directions.

CARTER, P. J., and EBERSPACHER, J., concur.