UNITED STATES ex rel. WILLIAMS, Petitioner,

v.

Thaddeus PINKNEY, Respondent.

No. 77 C 2665.

United States District Court, N. D. Illinois, E. D.

May 3, 1978.

John Williams, pro se.

Victor M. Pilolla, Asst. Atty. Gen., Chicago, Ill., for respondent.

## ORDER

BUA, District Judge.

This is a proceeding on a state prisoner's petition for a writ of habeas corpus. 28 U.S.C. § 2254. Before the court is respondent's motion to dismiss for failure to state a claim. Rule 12(b)(6), Fed.Rules Civ.Pro. The court finds that the respondent's motion should be denied and concurrently that justice requires that the petitioner's writ be granted pursuant to Rule 8(a), Habeas Corpus Rules. An evidentiary hearing is not required in this matter.

On November 3, 1972, the petitioner was convicted in an Illinois state court of armed robbery and sentenced to five to ten years in prison. Petitioner appealed his conviction; the appellate court affirmed but remanded to the circuit court for reconsideration of the sentence under the Unified Code of Corrections, Ill.Rev.Stat., ch. 38, par. 1005–8–1(c) (1973), which became effective January 1, 1973. The new code provided for a four-year minimum sentence for a class 1 felony. (The earlier law had a five-year minimum for a class 1 felony.) The petitioner returned to the circuit court and made the election to be re-sentenced under the new code. However, he was not represented by counsel at the re-sentencing, nor did the court advise him that in accepting the benefits of the new law, he was also accepting the burdens of that new law, which in this instance was a mandatory parole term of five years. Unified Corrections Code, ch. 38, par. 1005–8–1(e)(2). The state contends that "petitioner has suffered no prejudice by the court's omission to advise him of the mandatory parole term." (Respondent's motion to dismiss, p. 3.) The court finds this contention to be unpersuasive and rather feels compelled to act under *United States ex rel. Baker v. Finkbeiner,* 551 F.2d 180 (7th Cir. 1977).

The circumstances in *United States ex rel. Baker v. Finkbeiner, supra,* were somewhat different from the facts in the instant case; nonetheless, equity and justice requires that the court act in accord with that decision. In *Baker,* the petitioner entered a negotiated guilty plea under the terms of an agreement in which the court had acquiesced. However, the court failed to admonish the petitioner of the mandatory parole that attached to his sentence. The court of appeals found that by imposing, in addition to the indeterminate sentence, the mandatory parole, the petitioner was deprived of the benefit of his bargain:

> . . . he was unfairly compelled to accept the detrimental elements of his bargain without realizing its benefits. *Baker, supra* at 184.

The court ordered Baker to be released from custody since he was at the time incarcerated solely on the basis of the mandatory parole.

In the instant case, Williams, the petitioner, is currently incarcerated in the Pontiac Correctional Center. He was released on parole June 27, 1975, but was returned to the Correctional Center on July 2, 1976 for having violated the terms of parole. The petitioner is now seeking "release" from the mandatory parole sentence which attached to his sentence by virtue of being re-sentenced under the new 1973 Unified Corrections Code. Although Williams' original sentence was not pursuant to a plea agreement as in *Baker, supra,* the re-sentencing procedure was a type of agreement in which the court participated. Williams was not informed of all the consequences if he elected to be re-sentenced. This was not merely a procedural change but a substantive one which this court views as a violation of the due process clause since the

petitioner did not make an informed choice. In fact, by agreeing to be sentenced under the new code, Williams agreed to a sentence that was longer than his original maximum since the five years mandatory parole does not begin until the ten-year maximum (less good time credit) expires. *See, People v. Wills,* 61 Ill.2d 105, 107, 330 N.E.2d 505, 508 (1975). The state argues that the maximum "release date" remained the same with the re-sentencing, but this completely overlooks the fact that the petitioner will still remain "in custody" for five extra years by virtue of the mandatory parole. *See Jones v. Cunningham,* 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). The burdens of this mandatory parole cannot be overlooked as being inconsequential. *See State of Illinois Department of Corrections, Rules of Conduct Governing Adult Parolees* (1973).

Although the original sentence imposed on the petitioner cannot be characterized as a "bargain agreement", the re-sentencing appears to be such an agreement. The state has taken advantage of the petitioner by attaching a longer period of control under the theory that the petitioner benefitted by receiving a lesser minimum sentence. Rather than vacating the whole proceeding and requiring the state to start anew, this court, in the interest of fundamental fairness, limits the petitioner's sentence to the original ten-year maximum and excises the mandatory parole term.

The writ of habeas corpus should be granted to release the petitioner from his mandatory parole term.