THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
VERNON BRINER, Defendant-Appellant.

Second District    No. 77-103

*Opinion filed May 5, 1978.

Ralph Ruebner and Alan D. Goldberg, both of State Appellate Defender's Office, of Elgin, for appellant.

Gene L. Armentrout, State's Attorney, of Geneva (Phyllis J. Perko and Martin P. Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Defendant was convicted upon his plea of guilty to the offense of murder and was sentenced to a term of 30-90 years imprisonment. He appeals contending that his plea was involuntary because he was not advised of the mandatory parole term. He also seeks reversal of the order in the trial court which denied his motion to vacate his plea. He claims that the record does not show that defense counsel certified that he had consulted with defendant and examined the record of the guilty plea proceedings in compliance with Supreme Court Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)). He seeks to have the judgment reversed and the case remanded for a new plea. Alternatively he seeks reversal of the order denying his motion to withdraw his guilty plea and asks that the cause be remanded for further proceedings in accordance with Supreme Court Rule 604(d).

The People agree that the record does not show compliance with Supreme Court Rule 604(d) and further concede that they have verified with defense

<hr>

*The opinion filed February 6, 1978, which appeared in the advance sheets, was withdrawn and replaced by this opinion.

counsel that he did not, in fact, consult with defendant nor examine a report of the proceedings. The People agree that the order denying the motion to vacate should be reversed and argue that the cause should be remanded to the trial court for a new hearing on defendant's motion to withdraw his guilty plea, but that we should not reverse the judgment of conviction and sentence. They first reason that the admonishment issue is not properly before this court in view of the necessity for a new hearing on defendant's motion to withdraw his plea of guilty. Alternatively the People argue that if we should reach the merits of that issue we should affirm the judgment since the record as a whole shows a voluntary plea.

■■ ■ In his motion to vacate the guilty plea in the trial court, defendant's retained counsel referred only to the excessiveness of sentence and alleged errors in pretrial rulings but did not raise the issue that is now raised by the appellate defender. The trial court therefore had no opportunity to rule on the present claim of error. This, of course, does not bar the defendant from now raising the issue since he was neither furnished the transcript nor consulted by his attorney as contemplated under the rules. Thus, if the resolution of this issue were not fully supported by the record before us we would be constrained to reverse the order of the trial court denying the vacation of the guilty plea and to remand the cause without ruling on the merits. But, in our view, the transcript of the guilty plea proceedings does contain all the matters upon which a ruling on the merits may be reached. See *People v. Thompson*, 47 Ill. App. 3d 346, 349 (1977).

The requirement that a defendant be admonished as to the consequence of a mandatory parole period pursuant to Supreme Court Rule 402(a)(2) (Ill. Rev. Stat. 1975, ch. 110A, par. 402(a)(2)) is so that he may know that he may, in the event of revocation of parole, be incarcerated for periods which in the aggregate exceed the maximum for the indeterminate sentence imposed upon him. (*People v. Wills*, 61 Ill. 2d 105, 109 (1975).) The failure to do so is "a factor to be considered in determining whether a plea of guilty was voluntarily and intelligently made." *People v. Wills*, at 111.

■■ The State argues that the error is not substantial considered on the whole record and that since there was substantial compliance with the required admonitions and no other circumstances to show that the plea was involuntary, it should not be set aside on this ground. We agree that under the particular circumstances of this record there has been no reversible error. The provision of Supreme Court Rule 402(a)(2) (Ill. Rev. Stat. 1975, ch. 110A, par. 402(a)(2)) that a trial judge must inform the defendant of a mandatory parole term, which would follow any sentence imposed before accepting his guilty plea, does not rest upon a constitutional foundation. (*People v. Wills*, 61 Ill. 2d 105, 111 (1975).) The failure to inform a defendant as to the mandatory parole period is not of itself sufficient to render a plea of guilty either involuntary or unintelligent (see, *e.g., People v. McLean*, 33 Ill. App. 3d 965, 966 (1975)), although it is a "factor" to be considered on the issue of voluntariness. *People v. Wills*, 61 Ill. 2d 105, 111 (1975).

Here the trial judge fully admonished the defendant in all other respects required by Supreme Court Rule 402 and the record imports the defendant's full understanding of all of the admonitions except for the mandatory parole period. In relation to that understanding we note that the court advised defendant that he was charged with murder, "which carries with it a possible range of punishment of not less than fourteen years *up to any number of years.*" (Emphasis added.) The defendant was therefore informed in a practical sense that he could spend his natural life in prison. The killing occurred in an attempt to commit the forcible felony of rape. It is most unlikely on the record that given this advice in this case and considering the vicious nature of the crime that knowledge of the parole term would be anything more than an academic factor in defendant's decision to plead guilty. The failure to substantially comply with the specific requirements of

Supreme Court Rule 402 has been held to be error which is harmless beyond a reasonable doubt where there is no claim that the plea was in fact involuntary and where it appears that real justice has been afforded. *People v. Dudley*, 58 Ill. 2d 57, 60-61 (1974).

In *People v. Blackburn*, 46 Ill. App. 3d 213 (1977), cited by defendant, the maximum sentence could not have exceeded 20 years imprisonment. Thus the mandatory parole term could have been a weighty factor in the defendant's plea decision whereas here, in any practical sense, it appears that it was not. We conclude, therefore, that the trial court's error in failing to inform the defendant of the mandatory parole period was harmless beyond a reasonable doubt. See also *People v. Ellis*, 59 Ill. 2d 255, 257 (1974); see also *People v. Van Gilder*, 26 Ill. App. 3d 152, 153-55 (1975).

■■ It was also error for the trial court to deny the motion to vacate the plea of guilty without first determining that defense counsel had consulted with the defendant either personally or by mail, had examined the trial court's files and the report of proceedings or had filed a certificate as required by Supreme Court Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d); *People v. Moore*, 45 Ill. App. 3d 570, 572 (1976)); further, the People have conceded that defense counsel did not, in fact, consult with the defendant nor examine a report of the proceedings, as required by Rule 604(d). *Cf. People v. Chesnut*, 47 Ill. App. 3d 324, 328 (1977).

Hence, we remand the cause to the trial court for a new hearing on the motion to withdraw. At this hearing, the defendant will be allowed to amend the motion to allege any new matters not raised in the original motion and not disposed of on this appeal; defense counsel will be directed to comply in all respects with the requirements of Rule 604(d). *People v. Samuels*, 42 Ill. App. 3d 642, 644 (1976).

The order of the Circuit Court of Kane County denying the motion to withdraw the plea of guilty is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded with directions.

GUILD and RECHENMACHER, JJ., concur.