THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
TOMMY LEE RING, Defendant-Appellant.

Second District   No. 76-534

Opinion filed May 8, 1978.—Rehearing denied June 9, 1978.

Jerrold R. Beger, of Schirmer, Schirger, Graff & Beger, Ltd., of Rockford, for appellant.

Daniel D. Doyle, State's Attorney, of Rockford (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The defendant, Tommy Lee Ring, was convicted of murder upon his plea of guilty, entered on February 26, 1976, and sentenced to a minimum of 50 years imprisonment with a maximum of 100 years. His motion to withdraw his plea in the trial court pursuant to Supreme Court Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)) was denied and he appeals. He contends that his plea was involuntary, claiming that he was led to believe by his counsel that the minimum term which would be imposed would be 30 years. He also contends that he was not advised of the mandatory parole term and alternatively that the sentence is excessive.

■■■ The defendant testified at the hearing to withdraw his plea of guilty that his lawyer, John McNamara, "told me that by my pleading guilty that my time would be 30, and upwards * * *." If this were believed by the court it would be a basis to permit the defendant to withdraw his plea. Where it appears that a plea of guilty is entered "in consequence of misrepresentations by counsel or the State's Attorney or someone else in authority * * * the court should permit the withdrawal of the plea of guilty * * *." (*People v. Morreale*, 412 Ill. 528, 531-32 (1952).) Mr. McNamara testified, however, that he did not guarantee a minimum of 30 years but merely mentioned it as "a possibility." The mere belief or hope of a defendant that he will get a shorter sentence by pleading guilty does not permit him to withdraw his plea when that expectation is disappointed. (*People v. Morreale*, 412 Ill. 528, 532 (1952); *People v. Taylor*, 48 Ill. App. 3d 925, 927 (1977).) The trial court could properly give credibility to McNamara's testimony and did not err in refusing to allow the defendant to enter a new plea on the basis of his disappointment at the severity of his sentence.

■■ The fact that the defendant was not informed of the mandatory parole requirement of section 5—8—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1), "is, of course, a factor to be considered in determining whether a plea of guilty was voluntarily and intelligently made." (*People v. Wills*, 61 Ill. 2d 105, 111 (1975).) This factor in and of itself, however, is not sufficient to render a plea of guilty

"involuntary" or "unintelligent," per se (see, *e.g., People v. McLean*, 33 Ill. App. 3d 965, 966 (1975); see also *People v. Bosse*, 32 Ill. App. 3d 422, 423 (1975)). On the record before us the failure to inform the defendant specifically as to the mandatory parole period was error and a violation of Supreme Court Rule 402(a)(2) (Ill. Rev. Stat. 1975, ch. 110A, par. 402(a)(2)), but we find it to be harmless beyond a reasonable doubt considering the whole record.

In reaching this conclusion we have noted that aside from this error all admonishments required under Supreme Court Rule 402 were carefully and faithfully given and very apparently understood. Included in the admonishment as to the sentence was the statement by the court that "murder is punishable by a sentence to the penitentiary for a term of years not less than fourteen and not more than an infinite number of years." It is also noted that in the factual statement for the plea which is in the record before us it appears that the defendant Tommy Lee Ring and two other men, Michael Bonacquisti and Malcolm Wright, after a drinking bout went to the apartment of the victim for the purpose of raping her; that they broke down the victim's door, restrained her from leaving, stripped her and ransacked her apartment; that after she had been partially stripped Bonacquisti abandoned the crime and left the apartment; that the victim had been stabbed 18 times and left lying nude in a pool of blood; and that she died shortly thereafter. Given these circumstances we cannot reasonably assume that an admonishment as to the five-year parole to be attached to what was known to defendant to be an extremely long sentence, even on his view of the minimum, would be any substantial factor in his decision to plead guilty. In fact, we are convinced that it could not have been a substantial factor beyond a reasonable doubt. There is no claim that the plea was not, in fact, voluntary and it appears on the whole record that real justice has been done. We therefore affirm the judgment. *People v. Dudley*, 58 Ill. 2d 57, 60-61 (1974). See also *People v. Ellis*, 59 Ill. 2d 255, 257 (1974); *People v. Van Gilder*, 26 Ill. App. 3d 152, 153-55 (1975); *People v. Briner*, 57 Ill. App. 3d 327 (1978).

■■ We also conclude that the defendant's sentence was not an abuse of discretion in light of the wanton cruelty that accompanied the death of the victim. See, *e.g., People v. Dees*, 46 Ill. App. 3d 1010, 1027-28 (1977).

The judgment is affirmed.

Affirmed.

BOYLE and WOODWARD, JJ., concur.