**UNITED STATES ex rel. Joseph WELLS, Petitioner,**

v.

**STATEVILLE CORRECTIONAL CENTER, Respondent.**

No. 78 C 2472.

United States District Court,
N. D. Illinois, E. D.

Dec. 15, 1978.

Joseph Wells, pro se.

William J. Scott, Atty. Gen. of Ill., by John Prusik, Asst. Atty. Gen., Chicago, Ill., for respondent.

## ORDER

BUA, District Judge.

This is a proceeding on a state prisoner's petition for a writ of habeas corpus. 28 U.S.C. § 2254. Before the court is respondent's motion to dismiss or for summary judgment.

### I.

On February 16, 1976, petitioner pled guilty in the Circuit Court of Cook County to burglary, armed robbery, rape, and deviate sexual assault. Pursuant to the terms of a negotiated plea agreement, to which the prosecutor and trial judge were parties, petitioner was sentenced to a term of imprisonment of from four to five years. Under Illinois law, this sentence carried with it a five-year mandatory parole term.[1] On June 28, 1978, while petitioner was serving his sentence at the Stateville Correctional Center, the instant petition was filed.

The sole ground raised by petitioner is that in entering his negotiated guilty plea he was not informed of the mandatory parole term. *See Baker v. Finkbeiner*, 551 F.2d 180 (7th Cir. 1977). In *Baker v. Finkbeiner*, Baker had pled guilty in state court pursuant to an agreement with the prosecutor and trial judge. He was sentenced to a

---

1. Two of the crimes of which petitioner was convicted were classified as Class 1 felonies. Ill.Rev.Stat.1975, ch. 38 § 1005-8-1(e) provides:

   Every indeterminate sentence shall include as though written therein a parole term in addi-

   tion to the term of imprisonment. . . . [T]he parole term shall be as follows:
   (1) for murder on a Class 1 felony, 5 years;
   (2) for a Class 2 felony, or a Class 3 felony, 3 years;
   (3) for a Class 4 felony, 2 years.

term of imprisonment of from one to two years. Under Illinois law, that sentence included a two-year mandatory parole term. The record of the plea proceedings indicated that neither Baker's attorney, the prosecutor, nor the trial judge had informed him of the parole term requirement. On his petition for habeas corpus, the Seventh Circuit held that in view of the lack of an admonition regarding the mandatory parole term and the substantial length of the parole term relative to the term of imprisonment agreed upon, Baker had been unfairly denied the benefit of his plea bargain. By way of enforcing the bargain, the court ordered that Baker, who was then in custody solely because of the mandatory parole term, should be released.

## II.

Before filing the instant petition, petitioner failed to take a direct appeal from his convictions and did not seek any form of collateral relief in the Illinois courts. Respondent asserts that, regardless of the merits, federal habeas relief should therefore be denied because petitioner has not exhausted his state remedies. See 28 U.S.C. § 2254(b). Under the circumstances, this court must agree.

■ Federal habeas relief cannot be granted where the petitioner has failed to exhaust a state law remedy which is available and adequate. See, e.g., Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Illinois law provides four methods of attacking a criminal conviction or incarceration. Because of the passage of time, two of these, direct appeal and a petition pursuant to Section 72 of the

Civil Practice Act, Ill.Rev.Stat. ch. 110 § 72, are no longer available to petitioner.[2] The remaining two alternatives, state habeas corpus and a petition under the Illinois Post-Conviction Hearing Act, Ill.Rev.Stat., ch. 38 § 122–1 et seq., are still available. Federal habeas corpus must be denied if either of the two is adequate.

■ Implicit in petitioner's allegations is the argument that these alternatives are inadequate because they are futile. A state remedy which is futile is not adequate, and need not be exhausted. See, e. g., Reis v. Wainwright, 525 F.2d 1269 (5th Cir. 1976). If there is any unclarity in the state's position, or any reasonable possibility that the state will change its view and accept the petitioner's contentions, however, a remedy cannot be considered futile. See 17 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4264, at 650–51 n. 56 (collecting citations).

## III.

■ Applying this test, it seems quite clear that state habeas corpus is a futile remedy to one in petitioner's situation. See Long v. Israel, 56 Ill.App.3d 14, 13 Ill.Dec. 781, 371 N.E.2d 873 (1978); People ex rel. Jenkins v. Department of Corrections, 32 Ill.App.3d 147, 336 N.E.2d 385 (1975). As to post-conviction relief, though, the same conclusion cannot be reached. An examination of the relevant caselaw reveals uncertainty in the position taken by the Illinois courts on petitioner's constitutional argument, or at least a reasonable possibility that a change in their position would open the door to relief for petitioner.

---

2. Illinois Supreme Court Rule 604(d), Ill.Rev. Stat., ch. 110A § 604(d), provides a period of thirty days from entry of judgment within which a defendant may file a motion in the trial court to vacate a plea of guilty. Such a motion is a prerequisite to the filing of a direct appeal. This time period has long expired. Because of this petitioner may not avail himself of the non-constitutional holding of People v. Wills, 61 Ill.2d 105, 330 N.E.2d 505 (1975) (i. e. that, as a matter of substantial compliance with Illinois Supreme Court Rule 402(a), a defendant entering a plea of guilty after May 19, 1975

must be admonished regarding the existence and potential effect of a mandatory parole term). Relief from a conviction under the Post-Conviction Hearing Act is available only where there has been a substantial denial of a defendant's constitutional rights. People v. Butler, 40 Ill.2d 386, 240 N.E.2d 592; People v. Cox, 12 Ill.2d 265, 146 N.E.2d 19 (1958).

A petition under Section 72 of the Civil Practice Act must be filed within two years after entry of the judgment from which relief is sought. Ill.Rev.Stat., ch. 110 § 72(3). This period expired on February 16, 1978.

The general rule often stated in the Illinois cases is that a failure to properly admonish the defendant regarding a mandatory parole term does not necessarily render a guilty plea involuntary or unintelligent. The Illinois Supreme Court recognized in a pre-*Baker* case, however, that it is a factor to be considered in determining these issues. *People v. Wills,* 61 Ill.2d 105, 330 N.E.2d 505 (1975). *See People v. Ring,* 59 Ill.App.3d 852, 17 Ill.Dec. 364, 376 N.E.2d 363 (1978); *People v. Cox,* 44 Ill.App.3d 945, 3 Ill.Dec. 628, 358 N.E.2d 1313 (1976). Subsequent to *Wills,* the Illinois Appellate Court has rejected a number of challenges to the voluntary and intelligent character of guilty pleas based solely on the absence of an admonition concerning a mandatory parole term. *People v. Wills, supra; People v. Ring, supra; People v. Briner,* 57 Ill.App. 327, 14 Ill.Dec. 902, 373 N.E.2d 33 (1978); *People v. Irons,* 54 Ill.App.3d 50, 12 Ill.Dec. 61, 369 N.E.2d 558 (1977); *People v. Cox, supra; People v. Miller,* 36 Ill.App.3d 943, 344 N.E.2d 760 (1976); *People v. McLean,* 35 Ill.App.3d 965, 338 N.E.2d 902 (1975); *People v. Bosse,* 32 Ill.App.3d 422, 336 N.E.2d 216 (1975).

Although such cases at first glance seem to indicate that the post-conviction remedy could be considered futile, they fail to establish that the Illinois courts have firmly adopted a hostile stance toward *Baker*-type claims. Some of the cases fail to reach the constitutional issue. *See e. g. People v. Blackburn,* 46 Ill.App.3d 213, 4 Ill.Dec. 784, 360 N.E.2d 1159 (1977). Others are not helpful because, given the factual statements contained in the appellate court opinions, they fail to clearly present circumstances similar to those in *Baker. See e. g. People v. Ring, supra; People v. Briner, supra; People v. Cox, supra.* Several cases which do seem to reject *Baker*-type claims cannot be considered dispositive because

they were rendered prior to *Baker. See People v. Miller, supra; People v. Bosse, supra.* The only post-*Baker* case which seems to follow *Miller* and *Bosse* was actually decided on a narrower ground, and provoked a sharp dissent which relied on *Baker. People v. Irons, supra* (defendant actually informed of mandatory parole term) (length of term was substantially understated).

Moreover, in at least one decision, the Illinois Appellate Court accepted a constitutional theory which cannot be analytically distinguished from that announced in *Baker.* In *People v. Wenger,* 42 Ill.App.3d 608, 1 Ill.Dec. 306, 356 N.E.2d 432 (1976), the court found a constitutional violation where a defendant was sentenced upon revocation of his probation to a term of imprisonment which was substantially greater than the maximum term of which he was advised when he entered his guilty plea. Although *Wenger* did not specifically deal with the lack of a parole admonition, *Wenger* offers inferential support for the acceptance of a *Baker* argument.

Finally, the Illinois Supreme Court did not affirm any of the decisions that are arguably inconsistent with *Baker.* Furthermore, it has not discussed a *Baker*-type claim since the Seventh Circuit's decision. The possibility that the Illinois Supreme Court may mandate post-conviction relief for *Baker* violations remains open, and this court is reluctant to call a state remedy futile when that possibility exists. This consideration is reinforced by the arguably ambiguous status of the appellate court's rulings and the relatively recent date of the *Baker* decision.[3]

Therefore, the court concludes that petitioner's remedy under the Illinois Post-Conviction Hearing Act is not futile and may be exhausted before this court can consider granting him federal habeas relief. This

---

**3.** *Cf. 17 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure* ¶ 4264, at 648–50 n.55 (collecting cases discussing futility) (cases place great emphasis on adverse determination by the highest state court).

This court might reach a different conclusion if the post-*Baker* Illinois Appellate Court law

were more certain or if more time had elapsed since *Baker.* If the state courts fail to grant post-conviction relief to *Baker*-type claims in the near future, this court may feel obligated to consider the state remedy futile.

decision is in accord with the decisions of a majority of the other judges in this district who have, to this court's knowledge, decided this question. *Martinez v. Morris,* No. 77 C 3418, slip opinion (N.D.Ill. Sept. 13, 1978) (Will, J.); *Qualls v. Illinois,* No. 78 C 1061, slip opinion (N.D.Ill. July 27, 1978) (Grady, J.); *Moore v. Elrod,* No. 77 C 4502, slip opinion (Feb. 9, 1978) (McGarr, J.). *But see Williams v. Morris,* 447 F.Supp. 95 (N.D.Ill. 1978) (Marshall, J.).

Accordingly, respondent's motion to dismiss is granted, and the petition is dismissed for failing to exhaust state remedies.