Date: April 23, 1992

UNITED STATES of America

v.

Vincent BURNOM.

No. 89 CR 1023.

United States District Court,
N.D. Illinois, E.D.

Aug. 21, 1992.

Mark Slessner, U.S. Atty., Chicago, Ill., for U.S.

Daniel George Martin, Federal Defender Program, Chicago, Ill., for Burnom.

## MEMORANDUM OPINION AND ORDER

ANN CLAIRE WILLIAMS, District Judge.

On December 6, 1989, defendant Vincent Burnom was charged in a three-count indictment with violations of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm) and 26 U.S.C. § 5861(d) (failure to register a firearm). On August 7, 1990, the defendant entered a conditional plea of guilty to Count I of the indictment, pursuant to a plea agreement with the government. Under the agreement, Burnom would accept an enhanced sentence of fifteen years because he had four previous convictions for violent felonies in state court. *See* 18 U.S.C. § 924(e).[1] Burnom, however, reserved the right to withdraw his guilty plea if the Court found that his previous convictions were unconstitutional and thus could not be used to enhance his sentence.

On July 30, 1991, this Court issued an order regarding Burnom's motion to preclude the use of his conviction for robbery in 1969, and his convictions for burglary in 1976 and 1986 for purposes of sentence enhancement. Relying upon Judge Shadur's two-prong test in *United States v. Henry*, 713 F.Supp. 1182, 1188 (N.D.Ill. 1989),[2] this Court found that the 1969 and 1976 guilty pleas did not pass constitutional muster because they were not given voluntarily and intelligently.[3] However, the Court found that the 1986 plea was constitutional. Therefore, Burnom's sentence could not be enhanced because he had only been properly convicted of two, rather than three, violent crimes as required under § 924(e).

---

1. Section 924(e) provides that a person who violated 18 U.S.C. § 922(g) and has three prior convictions for violent felonies, must receive a sentence of not less than fifteen years without parole.

2. Under this two-prong approach, a guilty plea is found constitutionally sound if the Court advises the defendant that: 1) he has the right to plead not guilty, and 2) if he pleads guilty, he waives his right to a trial. *Id.*

3. The Court found that Burnom's 1969 plea was not given intelligently because the Judge failed to advise the defendant of his right to plead not guilty and his privilege against self-incrimination. The Court determined that the defendant's understanding of these rights could not be assumed since the defendant was only 17 years old and most likely had never been involved in a guilty plea before. This Court also found that Burnom's 1976 plea was not intelligently given because his rights were explained to him in a cursory fashion.

The United States (the "government") now moves this Court to reconsider its determination regarding the constitutionality of Burnom's 1969 and 1976 guilty pleas. The government asserts that the Court did not consider the Seventh Circuit's decision in *United States v. Colston*, 936 F.2d 312 (7th Cir.1991) which allegedly takes a more "flexible" approach in determining whether a guilty plea is rendered intelligently. For the reasons stated below, this court maintains its position that Burnom's 1969 and 1976 guilty pleas were not given intelligently and thus are unconstitutional.

### The Constitutionality of Burnom's Guilty Pleas

■ Once the government has shown that a defendant has three prior violent felony convictions pursuant to Section 924, "the burden rests with the defendant to show that the conviction was unconstitutional." *United States v. Gallman*, 907 F.2d 639, 643 (7th Cir.1990). In order for a guilty plea to be considered constitutionally valid, it must be rendered voluntarily and intelligently. *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970). This constitutional protection is afforded a defendant who pleads guilty because "[a] plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment." *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711–12, 23 L.Ed.2d 274 (1969).

■ When a plea is not induced by threats or misrepresentations and the defendant is informed of the direct consequences of his plea, the plea is considered to have been given voluntarily. *Brady v. United States*, 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1970). Because Burnom has not produced any evidence that his guilty pleas were induced by threats or misrepresentations, this Court only has considered whether his pleas were rendered intelligently.

■ In *Boykin*, the Supreme Court determined that a defendant entering a guilty plea must be apprised of three fundamental rights: the privilege against compulsory self-incrimination, the right to a jury trial, and the right to confront one's accusers. 395 U.S. at 242–43, 89 S.Ct. at 1711–12; *United States v. Ferguson*, 935 F.2d 862, 866 (7th Cir.1991), *cert. denied*, ——— U.S. ———, 112 S.Ct. 907, 116 L.Ed.2d 807 (1992).[4] The Seventh Circuit has held, however, that strict adherence to the Supreme Court's list is not required during a plea proceeding. The Seventh Circuit has stated that "the failure to advise a defendant of each right enumerated in *Boykin* does not automatically invalidate the plea." *United States v. Henry*, 933 F.2d 553, 559 (7th Cir.1991). Instead, if the defendant's intelligent understanding of his guilty plea can be reasonably inferred from the transcript, or from the custom or practice of the court, the plea will be considered constitutional. *Id.* (citing *Gallman*, 907 F.2d at 644; *see also United States v. DeForest*, 946 F.2d 523, 525 (7th Cir.1991). In addition, the

---

**4.** Illinois Supreme Court Rule 402(a) provides:

The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands ... that the defendant has the right to plead not guilty, or to persist in that plea if it has already been made, or to plead guilty[,] and ... that if he pleads guilty there will not be a trial of any kind so that by pleading guilty he waives the right to trial by jury and the right to be confronted with the witnesses against him. 110A Ill.Rev.Stat. ¶ 402(a).

The Seventh Circuit has determined that Rule 402 closely parallels the United States Supreme Court's proposed version of the federal rule. *Henry*, 933 F.2d at 560. In addition, like the federal rule, literal compliance with Rule 402 is not required. "All that is required is 'substantial compliance,' and Illinois courts have interpreted that phrase to mean that 'the remarks and advice of the court must be read in a practical and realistic manner. The essentials have been complied with if an ordinary person in the circumstances of the accused would understand them as conveying the information required by the rule.'" *Id.* (citing *People v. Krantz*, 58 Ill.2d 187, 193, 317 N.E.2d 559 (1974), overruled in part by *People v. Wills*, 61 Ill.2d 105, 330 N.E.2d 505 (1975)). Therefore, "the state law inquiry really collapses into the constitutional analysis, and Illinois Rule 402 adds nothing substantive to [defendant's] rights." *Henry*, 713 F.Supp. at 1191.

Seventh Circuit has established that there is a strong presumption favoring regularity and constitutionality of state proceedings. *Ferguson*, 935 F.2d at 867.

The government contends that these statements by the Seventh Circuit require this Court to take a more flexible approach to the guilty pleas at issue in this case. Rather than applying Judge Shadur's two-prong approach, as this Court did in its original opinion, the government asserts that we must look at the totality of the circumstances surrounding the guilty pleas to determine whether the defendant intelligently waived his constitutional rights.[5]

However, the Court believes that the government is overemphasizing the alleged need for "flexibility" when considering the "totality of the circumstances" in such cited cases as *Henry* and *Colston*. In these two cases, the plea proceedings clearly demonstrated that the defendants intelligently waived their constitutional rights when they entered their guilty pleas. Although the judges accepting the guilty pleas did not strictly adhere to the list enumerated by the Supreme Court in *Boykin*, the judges did thoroughly discuss the ramifications of a guilty plea with the defendants. *See Henry*, 933 F.2d at 560; *Colston*, 936 F.2d at 318. Furthermore, the Seventh Circuit found that the records demonstrated that the defendants had experience outside the plea proceeding which enhanced their understanding of their actions. *See Henry*, 933 F.2d at 560; *Colston*, 936 F.2d at 318.

 In *Henry* and *Colston*, the Seventh Circuit was focusing on plea proceedings where the Judges omitted isolated references to constitutional rights listed in *Boykin*.[6] This court finds that the Seventh Circuit's decision to uphold the guilty pleas in those cases does not necessarily warrant the use of a more "flexible" approach when considering the constitutionality of all guilty pleas. Flexibility is only warranted when considering guilty pleas, like the ones in *Henry* and *Colston*, where minor, "technical violations" of the *Boykin* requirements occur. *See Colston*, 936 F.2d at 318. Based on this holding, this court has reasoned that when a plea proceeding is riddled with omissions of references to constitutional rights and failures to explain these rights, the highly "flexible" approach suggested by the Government would be inappropriate.

## A. 1969 Plea

 In Burnom's 1969 plea proceeding, the judge determined that the defendant's plea was not coerced, and informed him of his right to a jury trial and the consequences of a guilty plea. However, the judge failed to warn the defendant of his privilege against self-incrimination and his right to plead not guilty. As noted in this Court's original opinion, defendant Burnom was only 17 years old at the time and this Court had no evidence before it suggesting that he had ever been involved in a plea proceeding before. These factors, taken together, are significant enough to raise the question of the intelligence of Burnom's guilty plea.

The government asserts that the judge's failure to warn the defendant of his privilege against self-incrimination and his right to plead not guilty do not render the plea unconstitutional. The government compares these omissions to those made by the judge in *Henry*. While the Court agrees that the judge's omissions are similar, we find that the circumstances surrounding the proceedings in the instant case dictate different results. In *Henry*, the Seventh Circuit noted that the judge in the 1973 plea had gone through a "thorough exposi-

---

5. In fact, the government claims that the Seventh Circuit does not endorse Judge Shadur's approach because it did not expressly discuss or reject Judge Shadur's two-prong test in either *Henry* or *Colston*. While the Court recognizes that Judge Shadur's two-prong test was not discussed in *Henry* or *Colston*, it is not convinced that this test is necessarily incompatible with the Seventh Circuit's rulings in those cases.

6. For example, in *Henry*, the judge did not specifically mention the defendant's privilege against self-incrimination when taking the defendant's 1973 guilty plea. 933 F.2d at 560. In *Colston*, the Judge did not warn the defendant of his right to confront his accusers. 936 F.2d at 318.

tion of Henry's rights." 933 F.2d at 560. The Seventh Circuit also noted that with respect to the 1975 plea the defendant should have understood that he had the right to plead not guilty particularly in light of the fact that he was changing his plea from not guilty to guilty in that proceeding. *Id.*

The circumstances surrounding Burnom's 1969 guilty plea do not compare to those in *Henry.* The defendant was only 17 years old at the time and apparently had no experience with guilty plea proceedings. Without further evidence demonstrating that the ramifications of his guilty plea were better explained to Burnom, this Court hesitates to overturn its original determination. The government's contention that the presence of the defendant's attorney at the plea proceeding plays a crucial role in this determination does not affect the Court's determination. Unlike *United States v. Gallman* where the Seventh Circuit found the guilty plea intelligent because the defendant had fully discussed the implications of such a plea with his attorney, 907 F.2d 639, 643 (7th Cir.1990), the record in this case does not show that the attorney had fully discussed the ramifications of a guilty plea with Burnom. Therefore, this court upholds its earlier decision that Burnom's 1969 guilty plea is constitutionally invalid for purposes of sentence enhancement under § 924(e).

## B. 1976 Plea

 The court also finds that the defendant's 1976 plea is constitutionally invalid. The government asserts that the plea was valid even though the judge "stumbled over his prepositions a bit." Comparing this case to *Henry,* the government further contends that Burnom's plea was rendered intelligently, regardless of the judge's omissions, because he had experience with plea proceedings by this time. The defen-

dant counters that the allegedly cursory discussion of his constitutional rights by the judge was much more significant than the government suggests.

The judge in Burnom's 1976 plea proceeding questioned the defendant in a very perfunctory manner regarding his understanding of the ramifications of the guilty plea. The judge merely asked the defendant: "You understand when you plead guilty you waive your right to a jury trial and bench trial or right to be confronted by the witnesses and right of self incrimination?" The judge failed to give any further explanation of the constitutional rights the defendant was waiving or to clarify his statements. Moreover, Burnom barely spoke during the plea proceeding. He was asked approximately five questions, including the question noted above, requiring nothing more than a yes or no answer.[7] The court did not explain the charge against defendant, and did not set forth the factual basis for defendant's plea on the record or have defendant stipulate to its accuracy. Indeed, Burnom never even formally stated that he pled guilty. The judge simply asked Burnom if he accepted "that" plea, apparently referring to a plea of guilty, and Burnom answered yes.

Given the perfunctory discussion of the rights Burnom was waiving by entering a guilty plea, this court believes the circumstances surrounding Burnom's plea are not comparable to those in *Henry.* The government argues that the Seventh Circuit in *Henry* mentioned the defendant's experience with plea proceedings when discussing its determination that the defendant's plea was rendered intelligently. 933 F.2d at 560. However, the government fails to note that the *Henry* court also considered that the judge in the plea proceeding went through a "thorough exposition of the defendant's rights." *Id.* Here, the judge did

---

7. The Judge asked Burnom: (1) whether he understood that when you plead guilty you waive your right to a jury trial and bench trial, your right to be confronted by witnesses, and your right against self-incrimination, (2) whether he understood that by pleading guilty he could be sentenced to the penitentiary for not less than one nor more than twenty years plus

three years of parole, (3) whether his lawyer had advised him of the conference held to determine whether there was a factual basis to accept his plea, (4) whether he accepted his plea pursuant to his plea agreement with the government, and (5) whether there any force or coercion used to make him plead guilty. *See* Transcript of Plea Proceedings, June 21, 1976, at 3–5.·

not adequately advise the defendant of his constitutional rights as the court did in *Henry.* Unlike *Henry,* the court in this case asked defendant if he waived his constitutional rights in one perfunctory question. Also, as previously noted, the court did not advise defendant of the charge against him or explain the factual basis for the plea on the record so that defendant could stipulate to its accuracy. *See Id.*

Moreover, this court will not assume that the defendant possesses the requisite understanding of the consequences of entering a guilty plea merely because he has experience with plea proceedings. This court recognizes that the court in *Henry* noted that the defendant had experience with plea proceedings when it determined that the defendant's 1975 guilty plea was constitutional. However, the *Henry* court only relied on this fact because the defendant was changing his plea from not guilty to guilty. The court was thus assured that the defendant understood that he had the right to plead not guilty. *See Henry,* 933 F.2d at 560.

Here, the court is not assured that the defendant understood that he had the right to plead not guilty just because he has prior experience with the criminal justice system. To assume a defendant understands the consequences of a guilty plea just because he has a criminal record sets a dangerous precedent. As the Supreme Court stated in *Boykin,* a plea of guilty is in itself a conviction. This is too high a price to pay for a court's failure to thoroughly explain a defendant's constitutional rights to him before he enters his guilty plea. Since no meaningful discourse regarding his constitutional rights took place, this court will not impute an understanding of the effects of a guilty plea to Burnom. This court reaffirms its earlier conclusion that Burnom's 1976 plea was not rendered intelligently.

### Conclusion

For the reasons stated above, the court upholds its prior determination that the defendant's 1969 and 1976 guilty pleas are constitutionally invalid. Therefore, these guilty pleas cannot be used to enhance the defendant's sentence under § 924(e).